■ In the Matter of ROBERT P. WHALEN, as Commissioner of the New York State Health Department, Petitioner, v ALTON BARLOW, Respondent, et al., Respondents. HAROLD S. GOLDSMITH, Appellant.—Casey, J. Appeals (1) from an order of the

Supreme Court at Special Term (Bryant, J.), entered January 24, 1985 in Tompkins County, which directed Harold S. Goldsmith to prepare an accounting of his activities as receiver of Lakeside Nursing Home, and (2) from an order of said court, entered March 7, 1985 in Tompkins County, which denied Goldsmith's application for permission to retain an accountant at the expense of Lakeside Nursing Home for the purposes of preparing the accounting required by the prior order.

Harold S. Goldsmith does not contest the propriety of the order entered January 24, 1985 directing him to prepare an accounting, and, therefore, we dismiss the appeal from that order. The only issue raised by Goldsmith on this appeal is whether Special Term abused its discretion in refusing to grant his request for permission to retain an accountant at the expense of Lakeside Nursing Home. We find no abuse of discretion.

This proceeding was originally commenced in 1978 with petitioner seeking the appointment of a receiver to operate the nursing home pursuant to Public Health Law § 2810. There being no opposition to the relief sought in the petition, Special Term entered an order appointing Goldsmith as receiver. Based upon allegations of mismanagement and neglect, respondent Alton Barlow (hereinafter respondent) moved to have Goldsmith removed as receiver. Again, there was no opposition and Special Term granted the motion and appointed a substitute receiver in an order dated April 15, 1983. By notice of motion dated August 15, 1984, respondent sought an order surcharging Goldsmith for losses incurred by the nursing home due to alleged misconduct during Goldsmith's tenure as receiver. By order entered January 24, 1985, Goldsmith was directed to prepare an accounting of his activities as receiver. Goldsmith thereafter moved for permission to retain an accountant at the nursing home's expense. Special Term denied the motion and these appeals by Goldsmith ensued.

Special Term, in passing upon Goldsmith's request for an accountant, acted within the discretion vested in it by the applicable statutory and case law concerning the supervision of nursing home receivers (see, Matter of Schwartzberg v Whalen, 96 AD2d 974; see also, Public Health Law § 2810 [2] [c], [d]; RPAPL 1325). It is significant that, pursuant to Public Health Law § 2810 (2) (e) (ii), Goldsmith was required to make a full and complete accounting to the court upon termination of his receivership, which he failed to do, and the statute makes no express provision for professional expenses incurred

in regard to such an accounting. It is also significant that Special Term's order directing Goldsmith to prepare an accounting provides that Goldsmith "may use all of the financial statements, journals, ledgers and books and records of Lakeside Nursing Home without any general obligation to audit these independently and may prepare his accounting based upon these financial statements, journals, ledgers, books and records and any other financial information available at Lakeside Nursing Home". Special Term's order seems reasonable under the circumstances and should, therefore, be affirmed.

Appeal from order entered January 24, 1985 dismissed, without costs.

Order entered March 7, 1985 affirmed, with costs. Mahoney, P. J., Kane, Main, Casey and Harvey, JJ., concur.