■ In the Matter of RONALD W., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Tejada, J.), dated March 9, 1988, which, upon a fact-finding order of the same court, dated February 29, 1988, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree and grand larceny in the fourth degree, adjudicated the appellant a juvenile delinquent and placed him with the New York State Division for Youth for 18 months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant argues that the adjudication of his delinquency and the order of disposition should be reversed on the ground, inter alia, that he received inadequate notice of the complainant's identification testimony, as required by Family Court Act § 330.2 and CPL 710.30 (1). We disagree.

As the Family Court properly determined, the evidence at the fact-finding hearing established that in this case there was no police-arranged confrontation for the purpose of establishing the identity of the perpetrator (see, People v Kennedy, 128 AD2d 549; People v Berkowitz, 50 NY2d 333, 338, n 1; People v Gissendanner, 48 NY2d 543, 552; Matter of Kenneth S., 128 AD2d 881, 882). It appears that within minutes of the robbery, the complainant, while riding in a police vehicle, identified the appellant on a roof atop a two-story building, based upon his prior view of the appellant's clothing and companions during the crime. Thereafter, as the appellant took evasive maneuvers, the complainant also viewed his face again, and, within 15 or 20 minutes, the officers arrested the appellant, asked the complainant if the appellant was the perpetrator, and the complainant responded affirmatively.

The appellant was adequately appraised of the complainant's initial identification, and the second identification occurring upon arrest was neither a showup nor a police-arranged identification procedure within the meaning of the statute, but

was instead confirmatory in nature, and therefore, the appellant was not entitled to notice *(see, Matter of Kenneth S., supra,* at 883; *see also, People v Love,* 57 NY2d 1023). The evidence concerning the complainant's in-court and out-of-court identifications of the appellant was properly received. Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.