accordance with the Election Law". It is well settled that a person may not be a subscribing witness to a petition after having signed a valid designating petition of another party for the same office (see, Election Law § 6-132 [2], [3]; § 6-134 [5]; *Matter of Sinagra v Hogan,* 97 AD2d 643, 644, *affd* 60 NY2d 811). However, there is no similar statutory provision pertaining to a person acting as a subscribing witness after previously serving as a subscribing witness on petitions of another candidate for the same office and there are witnesses and no clear public policy reasons for precluding a person from witnessing the designating petitions of competing candidates (see, *Matter of Gartner v Salerno,* 74 AD2d 958, 959; *Matter of Sinagra v Hogan, supra).* Sullivan, J. P., Santucci, Friedmann and Krausman, JJ., concur.

■ In the Matter of ANTONIO C., a Person Alleged to be a Juvenile Delinquent, Appellant. [631 NYS2d 527] —In a juvenile delinquency proceeding pursuant to Family Court article 3, the appeal is from an order of disposition of the Family Court, Kings County (Palmer, J.), dated April 29, 1992, which, upon a fact-finding order of the same court, dated March 25, 1992, made after a hearing, finding that the appellant had committed acts, which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the fourth degree, adjudged him to be a juvenile delinquent and placed him with the New York State Division for Youth for a period not to exceed 18 months. The appeal brings up for review the fact-finding order dated March 25, 1992.

Ordered that the order of disposition is affirmed, without costs or disbursements.

We have reviewed the record and agree with the appellant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). O'Brien, J. P., Santucci, Joy and Goldstein, JJ., concur.

■ In the Matter of ANTONIO C., a Person Alleged to be a Juvenile Delinquent, Appellant. [631 NYS2d 527] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Cozier, J.), dated April 7, 1992, which, upon a fact-finding order of the same court, dated November 15, 1991, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have