■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE MONAHAN, Appellant. [655 NYS2d 1011] —Appeal by the

defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered June 9, 1993, convicting him of burglary in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Having failed to move for the suppression of physical evidence on the ground that the warrantless search of his car at the police station constituted an improper inventory search, the defendant's instant contention in this regard is not preserved for appellate review (see, People v Dickens, 88 NY2d 1031; People v Claudio, 64 NY2d 858; People v Manuli, 156 AD2d 388). In any event, the hearing court correctly determined that the warrantless search of the defendant's car and seizure of physical evidence was not unlawful (see, People v Galak, 81 NY2d 463; People v Blasich, 73 NY2d 673; People v Orlando, 56 NY2d 441; People v Milerson, 51 NY2d 919; People v Fulton, 189 AD2d 778).

Equally unavailing is the defendant's assertion that the court erred in failing to deliver an adverse inference charge due to the destruction of Rosario material (see, People v Rosario, 9 NY2d 286, cert denied 386 US 866), in this case the tape recording of the complainant's 911 telephone call. The defendant failed to establish that the destruction of the tape, which occurred prior to his demand for it, was the result of lack of due care on behalf of the prosecution and that he was prejudiced by its destruction (see, People v Martinez, 71 NY2d 937; People v Segui, 208 AD2d 447; People v Hyde, 172 AD2d 305; see also, People v Diggs, 185 AD2d 990; People v Pfahler, 179 AD2d 1062).

The defendant's remaining contention is unpreserved for appellate review, and, in any event, devoid of merit. Sullivan, J. P., Joy, Friedmann and Florio, JJ., concur.