■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE JARVIS, Appellant. [670 NYS2d 788] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Steinhardt, J.), rendered March 22, 1995, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence did not establish that he knowingly entered the complainant's home unlawfully is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88).

In addition, the statement made by the codefendant to a defense witness, which the defendant attempted to elicit during his case, was not adverse to the codefendant's penal interest and was therefore properly excluded as hearsay (*see, People v Thomas,* 68 NY2d 194, *cert denied* 480 US 948; *People v Maerling,* 46 NY2d 289; *People v Thompson,* 129 AD2d 655; *People v Nicholson,* 108 AD2d 929).

Furthermore, the defendant did not show that he was prejudiced by the loss or destruction of the police officer's scratch notes or that there was evidence of bad faith on the part of the prosecution (*see, People v Martinez,* 71 NY2d 937; *People v Holmes,* 188 AD2d 618). Therefore, the court did not err in failing to give an adverse-inference charge.

Moreover, the verdict was not repugnant (*see, People v Satloff,* 56 NY2d 745; *People v Tucker,* 55 NY2d 1; *People v James,* 110 AD2d 1037), and the sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review, without merit, or do not require reversal. Bracken, J. P., O'Brien, Santucci and Joy, JJ., concur.