■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RODRIGUEZ, Appellant. [710 NYS2d 75] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered February 2, 1998, convicting him of criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record in this case does not demonstrate that a *Batson* violation occurred during jury selection (*see, Batson v Kentucky,* 476 US 79). It is incumbent upon the party mounting a *Batson* challenge to "articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection is raised and discussed" (*People v Childress,* 81 NY2d 263, 268). Here, the defendant failed to articulate on the record a sound factual basis for his *Batson* claim, noting only the bare fact that the prosecution allegedly exercised nine of fourteen peremptory challenges against black venirepersons. Use of a disproportionate number of strikes, without more, is rarely dispositive of the issue of an impermissible discriminatory motive. In the absence of a record demonstrating other facts or circumstances supporting a prima facie case, the court correctly found that the defendant failed to establish a pattern of purposeful exclusion sufficient to raise an inference of racial discrimination (*see, People v Redish,* 262 AD2d 664; *People v Phillips,* 259 AD2d 565; *People v Willingham,* 253 AD2d 533, *cert denied* 525 US 1183).

Where the People fail to exercise due care in preserving *Rosario* material (*see, People v Rosario,* 9 NY2d 286, *cert denied* 386 US 866) and the defendant is prejudiced thereby, the trial

court must impose an appropriate sanction (*see, People v Joseph,* 86 NY2d 565). Here, the defendant failed to establish that he was prejudiced by the loss of certain *Rosario* material. Consequently, the trial court did not err in failing to give an adverse inference charge (*see, People v Jarvis,* 249 AD2d 417; *People v Monahan,* 237 AD2d 623). Ritter, J. P., Sullivan, Altman and Feuerstein, JJ., concur.