■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHEWI KUO, Also Known as CHEN TONG, Also Known as TONG CHEN, Appellant. [734 NYS2d 904] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered July 13, 2000, convicting him of attempted burglary in the third degree and resisting arrest, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of attempted burglary in the third degree beyond a reasonable doubt (*see, People v Mitteager,* 44 NY2d 927; *People v Wachowicz,* 22 NY2d 369; *see also, People v Estrada,* 173 AD2d 555). The minor inconsistencies in the police officers' testimony did not render their testimony incredible as a matter of law (*see, People v Cunningham,* 269 AD2d 603; *People v Harris,* 262 AD2d 657). Furthermore, those inconsistencies were fully explored at trial, and were matters to be considered by the trier of fact in assessing credibility (*see, People v Pacheco,* 267 AD2d 335). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt as to the charge of attempted burglary in the third degree was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. O'Brien, J. P., Santucci, H. Miller and Cozier, JJ., concur.