■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY SAMUELS, Appellant. [738 NYS2d 54] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered July 8, 1999, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Where the People fail to exercise due care in preserving *Rosario* material (*see, People v Rosario*, 9 NY2d 286, *cert denied* 368 US 866), and the defendant is prejudiced thereby, the trial court must impose an appropriate sanction (*see, People v Joseph*, 86 NY2d 565). In this case, the defendant failed to establish that he was prejudiced by the loss of a police log book that recorded the voucher number assigned to the evidence in the case. The People provided the actual voucher, the sealed and marked evidence corresponding to the voucher, and the vouchering officer's name. Accordingly, the trial court properly declined to give an adverse inference charge (*see, People v Rodriguez*, 272 AD2d 482; *People v Jarvis*, 249 AD2d 417; *People v Monahan*, 237 AD2d 623).

The sentence imposed was not excessive (*see, People v Suitte*, 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. Goldstein, J. P., McGinity, H. Miller and Townes, JJ., concur.