■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME ANDERSON, Appellant. [742 NYS2d 850] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered January 6, 2000, convicting him of robbery in the first degree (three counts) and attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record does not demonstrate that a *Batson* violation (*see Batson v Kentucky,* 476 US 79) occurred during jury selection. It is incumbent upon the party mounting a *Batson* challenge to "articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection is raised and discussed" (*People v Childress,* 81 NY2d 263, 268). The defendant failed to articulate on the record a sound factual basis for his *Batson* claim. In the absence of a record demonstrating sufficient facts or circumstances supporting a prima facie case of purposeful discrimination (*see People v Rodriguez,* 272 AD2d 482), the Supreme Court correctly determined that the defendant failed to establish a pattern of purposeful exclusion sufficient to raise an inference of racial discrimination (*see People v Collins,* 290 AD2d 513).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Florio, J.P., Friedmann, H. Miller and Townes, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS ARRIAGA, Appellant. [742 NYS2d 851] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered March 1, 2000, convicting him of murder in the first degree and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant expressly waived his right to appeal the denial of those branches of his omnibus motion which were to suppress statements he made to law enforcement officials when he waived his right to appeal his conviction and sentence (*see People v Kemp,* 94 NY2d 831; *People v Pierce,* 278 AD2d 436). Accordingly, appellate review of this issue is precluded. Santucci, J.P., S. Miller, Krausman and Goldstein, JJ., concur.