■ In the Matter of RICHARD S., a Person Alleged to be a Juvenile Delinquent, Appellant. [776 NYS2d 509]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated September 18, 2003, which, upon a fact-finding order of the same court dated June 13, 2003, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the third degree, criminal possession of stolen property in the fifth degree, and attempted assault in the third degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months. The appeal brings up for review the fact-finding order dated June 13, 2003.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The evidence adduced at the fact-finding hearing, when

viewed in a light most favorable to the presentment agency, was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the third degree, criminal possession of stolen property in the fifth degree, and attempted assault in the third degree (cf. *People v Contes*, 60 NY2d 620 [1983]; *see Matter of Eric C.*, 281 AD2d 543, 544 [2001]; *Matter of Stephanie F.*, 194 AD2d 789 [1993]).

Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses. Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see Matter of James B.*, 262 AD2d 480, 481 [1999]). Upon the exercise of our factual review power, we are satisfied that the determination was not against the weight of the evidence (cf. CPL 470.15 [5]; *see* Family Ct Act § 342.2 [2]). Ritter, J.P., Smith, H. Miller and Goldstein, JJ., concur.