■  In the Matter of JASON A., a Person Alleged to be a Juvenile Delinquent, Appellant. [776 NYS2d 852]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Weinstein, J.), dated June 25, 2003, which, upon a fact-finding order of the same court dated May 14, 2003, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the third degree and criminal possession of stolen property in the fifth degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of one year. The appeal brings up for review the fact-

finding order dated May 14, 2003, and the denial, after a hearing, of the appellant's motion to suppress identification testimony.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of one year is dismissed as academic, without costs or disbursements, as the period of probation has expired (*see Matter of Wanji W.*, 305 AD2d 690 [2003]); and it is further,

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the appellant's contention, under the circumstances, the Family Court correctly denied his motion to suppress the complainant's identification testimony (*see Matter of Ronald W.*, 146 AD2d 703 [1989]; *Matter of Kenneth S.*, 128 AD2d 881 [1987]). Furthermore, under the circumstances, the court providently exercised its discretion in refusing to strike the complainant's testimony as a sanction for the destruction of *Rosario* material (*see People v Rosario*, 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]), the audiotape of a 911 telephone call (*see People v Banch*, 80 NY2d 610 [1992]; *People v Martinez*, 71 NY2d 937 [1988]; *People v Haupt*, 71 NY2d 929 [1988]). There was no showing of bad faith on the part of the presentment agency or evidence of prejudice to the appellant whose counsel had the opportunity to cross-examine the presentment agency's witnesses using a "sprint" report of the 911 call (*see People v Green*, 244 AD2d 423 [1997]).

The appellant's remaining contentions are without merit. Ritter, J.P., Townes, Mastro and Skelos, JJ., concur.