In the Matter of BENJAMIN J., a Person Alleged to be a Juvenile Delinquent, Appellant. [781 NYS2d 670]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) a fact-finding order of the Family Court, Kings County (Weinstein, J.), dated April 28, 2003, which, after a hearing, found that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted assault in the first degree, assault in the second degree, criminal possession of a weapon in the fourth degree, and menacing in the second degree, and (2) an order of disposition of the same court dated June 26, 2003, which, upon the fact-finding order, adjudged him to be a juvenile delinquent, and placed him in the custody of the New York State Office of Children and Family Services in a limited secure facility for a period of 18 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 18 months is dismissed as academic, without costs or disbursements, as the period of placement has expired (*see Matter of Shanita V.,* 7 AD3d 804 [2004]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Where a presentment agency in a juvenile delinquency proceeding fails to exercise due care in preserving *Rosario* material (*see People v Rosario,* 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]) and the juvenile is prejudiced thereby, the court must impose an appropriate sanction (*cf. People v Joseph,* 86 NY2d 565 [1995]; *People v Rodriguez,* 272 AD2d 482, 482-483 [2000]). In this case, the appellant failed to establish that he was prejudiced by the loss of certain *Rosario* material, and the Family Court thus properly declined to draw an adverse inference against the presentment agency with respect to the content of that material (*see People v Samuels,* 289 AD2d 514 [2001];

*People v Rodriguez, supra; People v Jarvis,* 249 AD2d 417 [1998]; *People v Cayetano,* 249 AD2d 409 [1998]; *People v Monahan,* 237 AD2d 623, 624 [1997]; *People v Daly,* 186 AD2d 217 [1992]; *People v Winthrop,* 171 AD2d 829 [1991]; *Matter of Jason A.,* 7 AD3d 791 [2004]).

Contrary to the appellant's contention, a minor discrepancy between the testimony of the complainant and an eyewitness did not render the challenged testimony incredible as a matter of law (*see People v Shewi Kuo,* 289 AD2d 424 [2001]; *People v Cunningham,* 269 AD2d 603 [2000]; *People v Harris,* 262 AD2d 657 [1999]). In any event, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be resolved by the trier of fact, which saw and heard the witnesses. Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*Matter of Richard S.,* 7 AD3d 719 [2004]; *Matter of Daniel J.,* 4 AD3d 475 [2004]; *Matter of James G.,* 309 AD2d 935, 936 [2003]). Upon the exercise of our factual review power, were are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see Matter of Shanita V.,* 7 AD3d 804 [2004]; *Matter of Richard S., supra; see also* Family Ct Act § 342.2 [2]; *cf.* CPL 470.15 [5]).

We disagree with the appellant's contention that his placement should have been less restrictive. The Family Court has broad discretion in entering dispositional orders (*see* Family Ct Act § 141). The Family Court carefully considered alternatives to the appellant's placement, consistent with his best interests and the need for the protection of the community, and properly exercised its discretion in ordering the appellant's placement in a limited secure facility (*see* Family Ct Act § 352.2; *Matter of Katherine W.,* 62 NY2d 947 [1984]; *Matter of Daniel J., supra; Matter of Shariyf W.,* 245 AD2d 383, 383-384 [1997]).

The appellant's remaining contention is without merit. Florio, J.P., Adams, Cozier and Lifson, JJ., concur.