■ In the Matter of NASHEEM P., a Person Alleged to be a Juvenile Delinquent, Appellant. [805 NYS2d 409]—In three related juvenile delinquency proceedings pursuant to Family Court Act article 3, the appeals are from (1) a fact-finding order of the Family Court, Kings County (Chun, J.), dated January 4, 2005, which, after a hearing, found that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the third degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, under Docket No. D-36314/04, (2) an order of disposition of the same court dated February 2, 2005, which, upon the fact-finding order dated January 4, 2005, adjudged him to be a juvenile delinquent and placed him with the New York State Office of Children and Family Services for a period of 18 months, effective December 2, 2004, under Docket No. D-36314/04, (3) an amended order of disposition of the same court (Chun, J.), dated February 2, 2005, revoking a disposition of probation previously imposed by the same court (Hepner, J.), dated November 5, 2004, under Docket No. D-18659/02, upon a finding that the appellant had violated a condition thereof, and

placed him with the New York State Office of Children and Family Services for a period of 18 months, effective December 2, 2004, to run consecutively with the periods of placement under Docket Nos. D-1450/04 and D-36314/04, (4) an amended order of disposition of the same court (Chun, J.), dated February 2, 2005, revoking a disposition of probation previously imposed by the same court (Hepner, J.), dated November 5, 2004, under Docket No. D-1450/04, upon a finding that the appellant had violated a condition thereof, and placed him with the New York State Office of Children and Family Services for a period of 18 months, effective December 2, 2004, to run consecutively with the periods of placement under Docket Nos. D-18659/02 and D-36314/04, (5) an order of the same court (Hepner, J.), dated July 7, 2004, and (6) an order of the same court (Hepner, J.), dated November 5, 2004.

Ordered that the appeals from the orders dated July 7, 2004, and November 5, 2004, are dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the appeal from the fact-finding order dated January 4, 2005, is dismissed, without costs or disbursements, as that order was superseded by the order of disposition dated February 2, 2005; and it is further,

Ordered that the amended orders of disposition dated February 2, 2005, are modified, on the law and the facts, by (1) deleting the provisions thereof placing the appellant with the New York State Office of Children and Family Services for a period of 18 months and substituting therefor provisions placing the appellant with the New York State Office of Children and Family Services for a period of 12 months, and (2) deleting the provisions thereof running the periods of placement consecutively and substituting therefor provisions running the periods of placement concurrently; as so modified, the amended orders of disposition dated February 2, 2005, are affirmed, without costs or disbursements; and it is further,

Ordered that the order of disposition dated February 2, 2005, is affirmed, without costs or disbursements.

Viewing the evidence adduced at the fact-finding hearing under Docket No. D-36314/04 in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]; Matter of Darnell S., 300 AD2d 666 [2002]; Matter of William A., 219 AD2d 494, 495 [1995]; cf. People v Malizia, 62 NY2d 755, 757 [1984]; People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the third degree, grand

larceny in the fourth degree, and criminal possession of stolen property in the fifth degree under Docket No. D-36314/04 (*see* Family Ct Act § 342.2 [2]; Penal Law §§ 160.05, 155.30 [5]; § 165.40; *Matter of Jabari W.,* 18 AD3d 767, 768 [2005]; *Matter of Richard S.,* 7 AD3d 719, 719-720 [2004]; *Matter of Michael H.,* 294 AD2d 364 [2002]). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see Matter of Jabari W., supra; cf. People v Gaimari,* 176 NY 84 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*cf. People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*see Matter of Jabari W., supra; cf.* CPL 470.15 [5]).

The appellant's contention that the Family Court should have drawn an adverse inference with respect to a certain witness who did not testify at the fact-finding hearing is unpreserved for appellate review (*cf.* CPL 470.05 [2]; *People v Russell,* 209 AD2d 650, 651 [1994]), and in any event, is without merit (*cf. People v Gonzalez,* 68 NY2d 424, 427 [1986]).

Because the appellant's brief failed to set forth any arguments that the orders dated July 7, 2004, and November 5, 2004, were erroneous, we deem those appeals abandoned (*see DiCarlo v City of New York,* 286 AD2d 363, 365 [2001]; *Alfred Weissman Real Estate v Big V Supermarkets,* 268 AD2d 101, 106 [2000]; *Transamerica Commercial Fin. Corp. v Matthews of Scotia,* 178 AD2d 691, 692 n 1 [1991]).

The appellant has not addressed any points on appeal with respect to the amended orders of disposition he has appealed from. Nevertheless, it is clear from the record that the Family Court intended the appellant's placements to run concurrently with each other, and to impose the statutory maximum placement of 12 months for the two misdemeanor violation of probation dockets, under Docket Nos. D-18659/02 and D-1450/04 (*see* Family Ct Act § 353.3 [5]). Accordingly, we modify the amended orders of disposition to reflect the Family Court's actual intent. Adams, J.P., S. Miller, Ritter and Lifson, JJ., concur.