■ ALAN N. GAGNON et al., Respondents, v HAMLET ON OLDE OYSTER BAY, LLC, et al., Defendants and Third-Party Plaintiffs-Appellants. NEWBRIDGE ELECTRIC OF LONG ISLAND, CORP., et al., Third-Party Defendant-Respondent, et al., Third Party Defendant. [828 NYS2d 115]—

In an action to recover damages for personal injuries, etc., the defendants third-party and second third-party plaintiffs, Hamlet on Olde Oyster Bay, LLC, and Hamlet on Olde Oyster Bay Development Corp., appeal from (1) so much of a judgment of the Supreme Court, Nassau County (Davis, J.), entered November 22, 2004, as, upon a jury verdict, is in favor of the second third-party defendant AFG Contracting, Inc., and against them dismissing the second third-party complaint insofar as asserted against that second third-party defendant, (2) so much of a judgment of the same court entered December 9, 2004, as, upon a jury verdict finding them 70% at fault and the third-party defendant, Newbridge Electric of Long Island, Corp., 30% at fault in the happening of the accident, is in favor of the plaintiff and against them, and (3) so much of a judgment of the same court entered December 15, 2004, as, upon a jury verdict, is in favor of the third third-party defendant, Jose Vallejo Construction, Inc., and against them dismissing their claims insofar as asserted against Jose Vallejo Construction, Inc.

Ordered that the appeals from the judgments entered November 22, 2004 and December 15, 2004 are dismissed as abandoned; and it is further,

Ordered that the judgment entered December 9, 2004 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the third-party defendant respondent, Newbridge Electric of Long Island, Corp.

The plaintiff Alan N. Gagnon, an employee of the third-party defendant, Newbridge Electric of Long Island, Corp. (hereinafter Newbridge), was injured while working on a residential construction project on the premises owned by the defendant third-party and second third-party plaintiff Hamlet on Olde Oyster Bay, LLC (hereinafter Hamlet LLC). Hamlet LLC had two members, O.B. Ventures Corp. (hereinafter O.B. Ventures), the investor member, and Hamlet on Olde Oyster Bay Development Co., LLC (hereinafter Hamlet Co.), the developer member. The general contractor for the construction project was the defendant third-party and second third-party plaintiff Hamlet on Olde Oyster Bay Development Corp. (hereinafter Hamlet Development), a wholly-owned subsidiary of Hamlet Co.

Hamlet LLC's operating agreement (hereinafter the agreement) provided that Hamlet Co. and Hamlet Development would have sole responsibility for carrying out the day-to-day operations of Hamlet LLC, including, inter alia, site planning, marketing, sales, construction management, and budgeting. However, that responsibility was to be carried out "in accordance with the joint management decisions" and "joint management directions" of O.B. Ventures and Hamlet Co., the members. The construction management duties to be undertaken by Hamlet Co. and Hamlet Development which were subject to the members' joint approval included the management and supervision of all on-site construction personnel. Hamlet LLC and Hamlet Development (hereinafter the appellants) were insured under the same comprehensive general liability policy and were represented at trial and on appeal by the same counsel.

The Supreme Court correctly determined that the appellants were united in interest for the purpose of apportioning the parties' respective liability for negligence (*see Connell v Hayden*, 83 AD2d 30, 42-43 [1981]; *cf. Brown v Aurora Sys.*, 283 AD2d 956, 957 [2001]).

The appellants' contention that the jury charge failed to distinguish between liability under Labor Law § 240 (1) and liability for common-law negligence is without merit, as the court's instructions adequately conveyed the sum and substance of the applicable law to be charged, and there was no evidence in the record of jury confusion (*see Phillips v United Artists Communications*, 201 AD2d 634 [1994]). In addition, their contention regarding the alleged defects in the verdict sheet is unpreserved for appellate review (*see* CPLR 4017, 5501 [a] [3]; *Kwa v Roberts*, 18 AD3d 444 [2005]).

Inasmuch as the appellants specifically state in their brief

that as to each of the three judgments appealed from, the appellants appeal only as to Newbridge, and the judgments entered November 22, 2004, and December 15, 2004, do not contain any decretal paragraphs in favor of Newbridge and against the appellants, we dismiss the appeals from those judgments as abandoned (*see Matter of Nasheem P.*, 23 AD3d 662, 664 [2005]; *DiCarlo v City of New York*, 286 AD2d 363, 365 [2001]). Florio, J.P., Mastro, Spolzino and Skelos, JJ., concur.