■ ROGER C. ELLIS et al., Appellants-Respondents, v LORI ANN BORZILLERI, Respondent-Appellant, and JASON M. HAZARD et al., Respondents. (Appeal No. 1.) [839 NYS2d 366]—

Appeal and cross appeal from a judgment of the Supreme Court, Erie County (John A. Michalek, J.), entered March 15, 2006 in a personal injury action. The judgment, entered upon a jury verdict, among other things, dismissed the amended complaint against defendants Ford Credit Titling Trust, Ford Motor Credit Company and Jason M. Hazard.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Roger C. Ellis (plaintiff) when the motor vehicle he was operating was rear-ended by a vehicle operated by defendant Lori Ann Borzilleri. Borzilleri's vehicle was in turn rear-ended by a vehicle owned by defendant Ford Motor Credit Company (Ford) and operated by defendant Jason M. Hazard. After a bifurcated trial on liability, the jury found that both Borzilleri and Hazard were negligent, but that only Borzilleri's negligence was a proximate cause of the accident. Plaintiffs moved to set aside the verdict with respect to Hazard and Ford, whose liability would be vicarious only, and for judgment as a matter of law against them, and they sought an order directing the apportionment of liability at the trial on damages. Alternatively, plaintiffs sought an order setting aside the verdict with respect to those defendants as against the weight of the evidence and a new trial on the issue of proximate cause with respect to them, and they sought discovery sanctions. Borzilleri joined in that part of plaintiffs' motion "to set aside." Supreme Court denied the motions and issued a judgment that, inter alia, dismissed the amended complaint against Ford and Hazard.

Contrary to the contentions of plaintiffs and Borzilleri, the verdict finding that Hazard was negligent but that his negligence was not a proximate cause of the accident is not inconsistent. "A jury finding that a party was negligent but that such negligence was not a proximate cause of the accident is incon-

sistent . . . only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Skowronski v Mordino*, 4 AD3d 782, 783 [2004] [internal quotation marks omitted]). Here, the jury was entitled to credit the testimony of an accident reconstruction expert that Borzilleri's vehicle struck plaintiff's vehicle before Borzilleri's vehicle was struck by Hazard's vehicle, and to discredit the testimony of Borzilleri that she had stopped her vehicle before it was struck by Hazard's vehicle.

We further conclude that the court properly refused to grant judgment as a matter of law to plaintiffs and Borzilleri with respect to Hazard and Ford or to set aside the verdict as against the weight of the evidence and to grant a new trial on the issue of proximate cause with respect to them. A motion for judgment as a matter of law should be granted only "where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]), and a verdict should be set aside as against the weight of the evidence and a new trial granted if there is no " 'valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial' " (*Nicastro v Park*, 113 AD2d 129, 132 [1985], quoting *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Neither test was met here. The jury was entitled to discredit the testimony of plaintiff that he felt two "hits" in close succession, "like one big move[ment]" and was also entitled to infer from the evidence that the impact was caused solely by Borzilleri's vehicle. Thus, we conclude that there is a rational process by which the jury could find that Hazard's negligence was not a proximate cause of the impact between Borzilleri's vehicle and plaintiff's vehicle, and that there is a valid line of reasoning and permissible inferences that could lead rational persons to the conclusion reached by the jury that Hazard's negligence was not a proximate cause of the impact.

We reject plaintiffs' contention that the court erred in refusing to charge a modified version of PJI 2:307 concerning liability for plaintiff's injuries as a result of successive accidents. The court properly charged the jury with respect to the law on, inter alia, negligence (*see* PJI 2:10), proximate cause (*see* PJI 2:70), concurrent causes (*see* PJI 2:71) and comparative fault between defendants (*see* PJI 2:275). We conclude that the court's charge with respect to the liability of defendants "adequately conveyed the sum and substance of the applicable law" (*Gagnon*

*v Hamlet on Olde Oyster Bay, LLC*, 35 AD3d 655, 656 [2006]). Finally, we have examined plaintiffs' remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Hurlbutt, Green and Pine, JJ.