■ MARY E. LEONARD, ESQ., as Bankruptcy Trustee, in Regard to the Estate of SAMUEL VANHORN, Deceased, and Another, Bankruptcy Case No. 04-65584, United States Bankruptcy Court for the Northern District of New York, Respondent, v THOMPSON & JOHNSON EQUIPMENT CO., INC., et al., Appellants (Appeal No. 1.) [874 NYS2d 833]—Appeals from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered July 30, 2007 in a personal injury action. The order, insofar as appealed from, denied the motions of defendants for summary judgment dismissing the complaint and cross claims against them.

Appeals from a judgment of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered June 9, 2008 in a personal injury action. The judgment awarded plaintiff money damages upon a jury verdict.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, as bankruptcy trustee of the estate of Samuel VanHorn (VanHorn) and his wife, commenced this

action seeking damages for injuries sustained by VanHorn when he fell to the floor while attempting to enter a Bobcat Skid Steer loader (Bobcat). His employer had purchased the Bobcat from defendant Thompson & Johnson Equipment Co., Inc. (Thompson), and defendant Clark Equipment Company, doing business as Melroe Company (Melroe), had manufactured the Bobcat. Plaintiff asserted causes of action for negligence, products liability and breach of warranty.

For reasons set forth in its bench decision, Supreme Court properly denied the motions of defendants for summary judgment dismissing the complaint and all cross claims against them. As the court properly determined, there are issues of fact with respect to the liablity of both defendants as well as with respect to the comparative negligence of VanHorn (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We note that, even assuming, arguendo, that defendants established as a matter of law that the warnings were adequate, plaintiff raised an issue of fact with respect thereto by submitting a safety notice that was issued by Melroe prior to the accident. According to the affirmation of plaintiff's attorney, that notice concerned "virtually the identical scenario" that resulted in VanHorn's accident. Additionally, plaintiff submitted the affidavit of an expert who stated that the specific warnings of the hazard should have been covered and contained in the training materials and operating manuals.

The case then proceeded to trial, whereupon the jury found that, although the Bobcat was not defectively designed, it was sold with inadequate warnings that were a substantial factor in causing VanHorn's injuries. The jury further found that VanHorn, by the use of reasonable care, could not have discovered the alleged defect but that he nevertheless could have avoided his injuries. The jury found him 60% responsible and defendants 40% responsible for his injuries and awarded damages. Thompson made a post-trial motion for, inter alia, judgment notwithstanding the verdict, and Melroe moved post-trial for judgment notwithstanding the verdict or, in the alternative, for a new trial. We conclude that the court properly denied those post-trial motions. With respect to those parts of the post-trial motions seeking judgment notwithstanding the verdict, we conclude based upon the evidence presented at trial that defendants failed to establish that "there [was] no rational process by which the [jury] could base a finding in favor of [plaintiff,] the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Ellis v Borzilleri*, 41 AD3d 1170, 1171 [2007]). Additionally, we reject the contention of defendants

that on the record before us the issue of causation may be decided in their favor as a matter of law (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980], *rearg denied* 52 NY2d 784, 829 [1980]).

Finally, we conclude that the court properly denied that part of the post-trial motion of Melroe to set aside the verdict and for a new trial. The evidence does not so preponderate in favor of Melroe that the verdict in favor of plaintiff could not have been reached on any fair interpretation of the evidence (*see generally Garrison v Geyer*, 19 AD3d 1136, 1136-1137 [2005]). Present—Martoche, J.P., Fahey, Green and Pine, JJ.