# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**498**

**CA 12-02137**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

SAMUEL TOMAINO, PLAINTIFF-APPELLANT,

V                                                  MEMORANDUM AND ORDER

THOMAS MAROTTA, JR., DEFENDANT-RESPONDENT.

---

ATHARI & ASSOCIATES, LLC, UTICA (MO ATHARI OF COUNSEL), FOR PLAINTIFF-APPELLANT.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (RYON D. FLEMING OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered March 13, 2012. The order, among other things, denied plaintiff's motion to set aside the verdict.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action alleging that he sustained injuries as a result of exposure to lead paint in a house owned by defendant. Following trial, the jury concluded that defendant was negligent, but that his negligence was not a substantial factor in causing injury to plaintiff. Supreme Court properly denied plaintiff's motion to set aside the verdict as inconsistent. "A jury finding that a party was negligent but that such negligence was not a proximate cause of the accident is inconsistent . . . only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Skowronski v Mordino*, 4 AD3d 782, 783 [internal quotation marks omitted]; *see Ellis v Borzilleri*, 41 AD3d 1170, 1170-1171). Here, defendant's expert testified that plaintiff was not damaged at all by his exposure to lead paint. The fact that the jury found that defendant was negligent but that his negligence was not a substantial factor in causing plaintiff's injuries thus is not logically impossible (*see Cunningham v Anderson*, 85 AD3d 1370, 1373-1375, *lv dismissed in part and denied in part* 17 NY3d 948). The jury was entitled to conclude that any effects of lead poisoning only minimally affected plaintiff and that any injuries sustained by him could have been caused by other factors (*see id.* at 1375).

Entered: May 3, 2013                          Frances E. Cafarell
                                              Clerk of the Court