## SIG CRE 2023 Venture LLC v Elizabeth Blue NYC, LLC

2024 NY Slip Op 33574(U)

September 27, 2024

Sup Ct, NY County

Docket Number: Index No. 850255/2024

Judge: Francis A. Kahn III

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. FRANCIS A. KAHN, III          PART          32

*Justice*

-----------------------------------------------------------------------X

SIG CRE 2023 VENTURE LLC,

                              Plaintiff,

                - v -

ELIZABETH BLUE NYC, LLC, AMARJIT S. BHALLA,
BOARD OF MANAGERS OF 131 GREENE STREET
CONDOMINIUM, JOHN DOE NO. I THROUGH JOHN DOE
NO. XXX, INCLUSIVE, THE LAST THIRTY NAMES BEING
FICTITIOUS AND UNKNOWN TO PLAINTIFF, THE
PERSONS OR PARTIES INTENDED BEING THE
TENANTS, OCCUPANTS, PERSONS OR
CORPORATIONS, IF ANY, HAVING OR CLAIMING AN
INTEREST IN OR LIEN,

                              Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 850255/2024 |
| MOTION DATE | |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 40, 41, 42, 43, 44, 46, 47, 48, 49, 50

were read on this motion to/for          APPOINT - FIDUCIARY          .

Upon the foregoing documents, the motion and cross-motion are determined as follows:

The within action is to foreclose on an extended and modified mortgage encumbering two parcels of commercial real property located at 131 Greene Street, Units 1 and 2, New York, New York. Plaintiff moves pursuant to RPL §254[10] and RPAPL §1325 for the appointment of a temporary receiver of the mortgaged premises. Defendants Elizabeth Blue NYC, LLC ("Blue") and Amarjit S. Bhalla ("Bhalla") oppose the motion. Defendants also filed a cross-motion four days before the return date of this motion.

Section 2.04 the mortgage provides, in pertinent part, as follows:

After the continuance of any Event of Default and immediately upon the commencement of any action, suit or other legal proceedings by Mortgagee to obtain judgment for the principal of, or interest on, the Note and other sums required to be paid by Mortgagor pursuant to any provision of this Mortgage, or of any other nature in aid of the enforcement of the Note or of this Mortgage, Mortgagor will if required by Mortgagee, consent to the appointment of a receiver or receivers of the Mortgaged Property and of all the earnings, revenues, Rents, issues, profits and income thereof. After the happening of any Event of Default and during its continuance, and upon the commencement of any proceedings to foreclose this Mortgage or to enforce the specific performance hereof, or in aid thereof, or upon the commencement of any other judicial proceeding to enforce any right of Mortgagee, Mortgagee shall be entitled, as a matter of right, if it shall so elect, without the giving of notice to any other party and without regard to the adequacy or

**850255/2024  SIG CRE 2023 VENTURE LLC vs. ELIZABETH BLUE NYC, LLC ET AL**
**Motion No. 001**

Page 1 of 5

inadequacy of any security for the indebtedness secured hereby, forthwith either before or after declaring the unpaid principal of the Note to be due and payable, to the appointment of such a receiver or receivers.

Under Real Property Law §254[10], the appointment of a receiver in the event of a default is proper where the parties to the mortgage agree to same even without notice or without regard to the sufficiency of security (*see ADHY Advisors LLC. v 530 W. 152nd St. LLC*, 82 AD3d 619 [1st Dept 2011]; *366 Fourth St. Corp. v Foxfire Enters.*, 149 AD2d 692 [2d Dept 1989]). Despite the parties' assent, the appointment is not perfunctory and the Court, in the exercise of its equitable power, retains the discretion to deny the appointment of a receiver (*see ADHY Advisors LLC. v 530 W. 152nd St. LLC*, supra; *Nechadim Corp. v Simmons*, 171 AD3d 1195, 1197 [2d Dept 2019]).

In the present case, it is undisputed that the parties' mortgage provides that Plaintiff may apply for the appointment of a receiver regardless of the adequacy of the property as security and Plaintiff pled that Defendants, *inter alia*, defaulted in repayment of the indebtedness, a default event under the loan documents. Accordingly, Plaintiff established its entitlement to the appointment of a receiver of the mortgaged premises (*see eg SKW Hillside Bleeker Lender LLC v 145 Bleeker LLC*, 217 AD3d 536 [1st Dept 2023]; *CSFB 2004-C3 Bronx Apts LLC v Sinckler, Inc.*, 96 AD3d 680 [1st Dept 2012]).

In opposition, Defendants have not demonstrated that denial of the appointment of a receiver is an appropriate exercise of the Court's discretion (*see id.*; *US Bank, N.A. v Rufai*, 202 AD3d 719, 721 [2d Dept 2022]; *Shaw Funding, LP v Bennett*, 185 AD3d 857, 858 [2d Dept 2020]). Notably, Defendants have not demonstrated that issues exist as to the validity of the mortgage or whether a payment default has in fact occurred (*cf. Phoenix Grantor Trust v Exclusive Hospitality, LLC*, 172 AD3d 926 [2d Dept 2019]). Further, contrary to Defendants' assertion, the section 2.04 of the mortgage does not necessitate more than is required by Real Property Law §254[10] (*see SKW Hillside Bleeker Lender LLC v 145 Bleeker LLC*, supra). There is no requirement Plaintiff obtain Defendants' consent to the appointment of a receiver as such an interpretation is contrary to the express provision that Plaintiff may seek the appointment of a receiver "without the giving of notice to any other party". Indeed, that provision mandates Defendants consent to the appointment a receiver if sought by Plaintiff.

To the extent Defendants' opposition is based on cases where appointment of a receiver was sought pursuant to CPLR §6401 it is unavailing (*see eg Groh v Halloran*, 86 AD2d 30 [1st Dept 1982]). The Appellate Division cases are clear that where, as here, the mortgage contains a provision that a lender may "without notice and without regard for the adequacy of the security for the Debt and without regard for the solvency of Borrower"', under RPL §254[10], that provision denotes that a mortgagee may apply for a receiver "'regardless of proving the necessity for the appointment'" (*see GECMC 2007-C1 Ditmars Lodging, LLC v Mohola, LLC*, 84 AD3d 1311, 1312 [2d Dept 2011], *citing Naar v. I.J. Litwak & Co.*, 260 AD2d 613 [2d Dept 1999]).

Concerning the receiver proposed by Plaintiff, Defendants posit that a conflict of interest exists which precludes their appointment. There is limited appellate case authority concerning the nature and extent of any ethical grounds for prophylactically barring a proposed receiver from serving. Nevertheless, disqualification of a receiver for a conflict of interest has been recognized (*see Bank of Tokyo Trust Co. v Urban Food Malls*, 229 AD2d 14, 30 [1st Dept 1996]; *Dubiner v Goldman*, 42 AD2d 843 [2d Dept 1973]). Moreover, removal of a receiver is statutorily authorized (*see* CPLR § 6405; *Whalen v Barlow*, 114 AD2d 623 [3d Dept 1985]). Relatedly, the necessity that a receiver act fairly is, at the very least, implicit in the nature of the appointment. "A receiver is a fiduciary and an officer of

**850255/2024 SIG CRE 2023 VENTURE LLC vs. ELIZABETH BLUE NYC, LLC ET AL**
**Motion No. 001**

Page 2 of 5

the court who acts at its direction and on its behalf" (*Coronet Capital Co. v Spodek*, 279 AD2d 600, 602 [2d Dept 2000]). In other words, a receiver acts in a quasi-judicial capacity which has been described as "the hand of the court" (*see Copeland v Salomon*, 56 NY2d 222, 228 [1982]). Conversely, the Court could find no authority mandating automatic disqualification of a receiver, proposed or otherwise, under the present circumstances. Based on the foregoing, the Court finds Plaintiff's proposed receiver is not required to be disqualified from consideration (*see Trust v 325 Third Ave. LLC*, ___Misc3d___, 2022 WL 2793450, at *2 [Sup Ct NY Cty 2022]).

The argument that a receiver appointed by the Court must be a resident of New York State is meritless. Nothing in Article 36 of the Rules of the Chief Judge [22 NYCRR], which specifies the qualifications for such appointments by judges in the Unified Court System, contains a residency requirement for receivers or any other type of appointee. Nor is such a prerequisite contained in the explanatory note of these rules (*see* https://www.nycourts.gov/ip/gfs/Part36ExplanatoryNotes.pdf).

The branch of a motion for this issuance of a preliminary injunction from interfering with their rights under the assignment of rents clause in the mortgage is denied as "[e]conomic loss, which is compensable by money damages, does not constitute irreparable harm" (*EdCia Corp. v McCormack*, 44 AD3d 991, 994 [2d Dept 2007]). The cross-motion is untimely as it was filed and served less than seven days prior to the return date in violation of this Court's requirement in the order to show cause.

Accordingly, it is

ORDERED that the motion for the appointment of a Temporary Receiver is granted, but the branch of the motion for injunctive relief is denied; and it is further

ORDERED that Defendants' cross-motion to dismiss is denied as untimely, and it is further

ORDERED that **Richard J. Madison, Fiduciary Identification No. 105810, of Colliers International, 20 Waterview Boulevard, Suite 310, Parsippany, N.J.** is hereby appointed with the usual powers and directions of a Temporary Receiver for the benefit of Plaintiff of all the rents and profits now due and unpaid or become due during the pendency of this action and issuing out the mortgaged property mentioned in the complaint, known by the street addresses as: 131 Greene Street, Units 1 and 2, New York, New York; and it is further

ORDERED that the Temporary Receiver is authorized to take charge and enter into possession of the property; and it is further

ORDERED that before entering her/his duties, the Temporary Receiver shall be sown to fairly and faithfully discharge the duties committed to him and shall execute to the People of the State of New York and file with the Clerk of the Court an undertaking in the sum of **$125,000.00** conditioned for the faithful discharge of the duties of Temporary Receiver; and it is further

ORDERED that the Temporary Receiver is hereby directed to demand, collect and receive from the occupants, tenants and licensees in possession of said premises, or other persons liable therefor, inclusive of the mortgagor, all the rents and license fees thereof now due or unpaid or hereafter that become fixed or due and the Temporary Receiver is authorized to institute and carry on all legal proceedings necessary for the protection of said premises or to recover possession of the whole, or any

**850255/2024  SIG CRE 2023 VENTURE LLC vs. ELIZABETH BLUE NYC, LLC ET AL**     **Page 3 of 5**
Motion No. 001

3 of 5

[* 3]

part thereof, and apply to this Court to fix reasonable rental value and license fee value and to compel the tenants and occupants to attorn to the Temporary Receiver; and it is further

ORDERED that the Temporary Receiver may institute and prosecute suits for the collection of rent, license fees and other charges now due or hereafter to become due and fixed, and summary proceedings for the removal of any tenants or licensees or other persons therefrom; and it is further

ORDERED that pursuant to the General Obligation Law section 7-105, anybody holding any deposits or advances of rental as security under any lease or license agreement affecting space in the premises affected by this action shall turn same over to said Temporary Receiver within five (5) days after said Temporary Receiver shall be qualified; and thereupon the said Temporary Receiver shall hold such security subject to such disposition thereof as shall be provided in an Order of the Court to be made and entered in this action; and it is further

ORDERED that anybody in possession of same shall turn over to said Temporary Receiver all rent lists, orders, unexpired and expired leases, agreements, correspondence, notices and registration statements relating to rental spaces or facilities in the premises; and it is further

ORDERED that notwithstanding anything to the contrary contained in this order, the Temporary Receiver shall not, without the further, prior order of this Court, upon prior notice to the plaintiff, make improvements or substantial repairs to the property at a cost in excess of $5,000.00, _except_ that in an emergency, if funds need to be expended in excess of $5,000.00 or would otherwise require Court intervention, no Court approval will be necessary if counsel for plaintiff agrees in writing that the receiver may make such disbursement; and it is further

ORDERED that the Temporary Receiver shall deposit all monies received by her/him into any FDIC-insured bank where she has an account for this purpose and such account shall show the name of this action and the Temporary Receiver shall furnish plaintiff's attorneys with monthly statements of the receipts and expenditures of the Receivership together with a photocopy of the monthly statements received from said depository and no withdrawals shall be made therefrom except as directed by the Court or on a draft or check signed by the Temporary Receiver; and it is further

ORDERED that the Temporary Receiver is authorized from time to time to rent and lease any part of the premises for terms not exceeding five (5) years or such longer terms as may be required by applicable laws or regulations; to keep the premises insured against loss by damage or fire; to pay the taxes, assessments, water rates, sewer rates, vault rents, salaries of employees, supplies and other charges; to comply with all lawful requirements of any municipal department or other authority of the municipality in which the mortgaged premises are situated and to procure such fire, liability and other insurance as may be reasonably necessary; and it is further

ORDERED, that the tenants, licensees or other persons in possession of said premises attorn to the Temporary Receiver and pay over to the Temporary Receiver all rents, license fees, and other charges of such premises now due and unpaid or that may hereafter become due; and that the defendants be enjoined and restrained from collecting the rents, license fees and other charges of said premises from interfering in any manner with the property or its possession; and from transferring, removing or in any way disturbing and of the occupants or employees; and that all tenants, occupants, employees and licensees of the premises and other persons liable for the rents be and hereby are enjoined and restrained

**850255/2024   SIG CRE 2023 VENTURE LLC vs. ELIZABETH BLUE NYC, LLC ET AL**
**Motion No.  001**

Page 4 of 5

from paying any rent or license fees or other charges for such premises to the defendants, their agents, servants or attorneys; and it is further

ORDERED that the Temporary Receiver is prohibited from incurring obligations in excess of the monies in her hands without further Order of this Court or written consent of Plaintiff's attorney and Plaintiff may advance money, which can be recouped in this litigation; and it is further

ORDERED that the Owner turn over to the Temporary Receiver all rents collected from and after the date of this Order; and it is further

ORDERED that all persons now and hereafter in possession of said premises, or any part thereof, and not holding such possession under valid and existing leases or tendencies, do forthwith surrender such possession to the Temporary Receiver, subject to emergency laws, if any, and it is further

ORDERED that the Temporary Receiver after paying the expenses of the management and care of the said premises as above provided retain the balance of the monies which may come into his hands until the sale of the said premises under the judgment to be entered in this action and/or until further Order of this Court, and it is further

ORDERED that the Temporary Receiver, or any party hereto, may at any time, on proper notice to all parties who have appeared in this action, apply to the Court for further and other instructions or powers necessary to enable the Temporary Receiver to properly fulfill her duties or for interim fee payments; and it is further

ORDERED that the appointed named herein shall comply with Section 35a of the Judiciary Law, Sections 6401-6404 of the CPLR, Section 1325 of RPAPL and Rule 36 of the Chief Judge; and it is further

ORDERED that notwithstanding any other provision of this order, the Temporary Receiver shall not appoint an attorney, managing agent, appraiser, auctioneer or accountant without prior order of this Court, and that the receiver shall apply to the court and file a separate application for appointment of a managing agent, attorney or other managing services pursuant to 36.1 of the Uniform Court Rules.

| 9/27/2024 | | | FRANCIS A. KAHN, III, A.J.S.C. |
| :---: | | | :---: |
| DATE | | | HON. FRANCIS A. KAHN III |
| | | | J.S.C. |

CHECK ONE:

| | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |

APPLICATION: □ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: □ INCLUDES TRANSFER/REASSIGN ☒ FIDUCIARY APPOINTMENT □ REFERENCE

850255/2024  SIG CRE 2023 VENTURE LLC vs. ELIZABETH BLUE NYC, LLC ET AL
Motion No. 001

Page 5 of 5

5 of 5

[* 5]