■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BROWN, Appellant. [597 NYS2d 171] —Appeal by the defendant from a judgment of the County Court, Westchester County (Pirro, J.), rendered January 16, 1992, convicting him of criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that

branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's contention that the arresting officer's testimony at the *Mapp* hearing was incredible and that the hearing court should have granted the branch of his omnibus motion which was to suppress the vials recovered from him is without merit. Issues of credibility are primarily for the hearing court, and its findings should not be disturbed unless clearly unsupported by the record *(see, People v Armstead,* 98 AD2d 726). The arresting officer testified at the *Mapp* hearing that as he hid, he observed the defendant speak to another individual, move to another area, and remove vials from his sock. The officer knew from experience that this activity matched the telltale signs of a drug sale, that crack cocaine was often sold in vials, and that the area in which this activity took place was known for drug sales. Therefore, the officer had probable cause to arrest the defendant, to search him, and to seize all of the vials which were recovered from him *(see, People v McRay,* 51 NY2d 594; *People v DeSantis,* 46 NY2d 82, 87, *cert denied* 443 US 912; *People v McLeod,* 161 AD2d 671).

The defendant's contention that a mistrial should have been granted because one of the People's witnesses testified that the defendant was the "target" of police surveillance is also without merit. We find that the court's curative instructions were adequate to cure any prejudice to the defendant that the testimony might have caused *(see, People v Santiago,* 52 NY2d 865). Sullivan, J. P., Lawrence, Eiber and Santucci, JJ., concur.