■ In the Matter of SHELDON G., a Person Alleged to be a Juvenile Delinquent, Appellant. [651 NYS2d 570] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Fitzmaurice, J.), dated October 25, 1995, which, upon his admission, found that the appellant had committed an act which, if committed by an adult would have constituted the crime of criminal possession of a controlled substance in the seventh degree, adjudged the appellant to be a juvenile delinquent, and placed him on probation for one year. The appeal brings up for review the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress physical evidence.

Ordered that the order is affirmed, without costs or disbursements.

The appellant's contention that the court should have suppressed the vials recovered from his person at the time of his arrest because the testimony of the arresting officer at the Mapp hearing was incredible is without merit. Issues of credibility are primarily for the hearing court, and its findings should not be disturbed unless they are clearly unsupported by the record (see, People v Brown, 193 AD2d 612; see also, People v Bailey, 179 AD2d 662,; People v Harley, 139 AD2d 665). The arresting officer testified without contradiction that, from a distance of several feet, he saw the appellant holding a plastic bag in which there were a number of vials containing what appeared to be cocaine. Thus, the record supports a determination that the officer had probable cause to arrest the appellant and to seize the vials. It was within the hearing court's broad discretion to limit the scope of the cross examination of the ar-

resting officer on collateral matters designed solely to impeach his credibility. There was no improvident exercise of that discretion in this case, and the hearing court's determination will not be disturbed (*see, People v Schwartzman,* 24 NY2d 241, 245, *cert denied* 396 US 846; *see also, People v Griffin,* 194 AD2d 738). Bracken, J. P., Copertino, Joy, Florio and McGinity, JJ., concur.