■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY B. HIGHSMITH, Appellant. [688 NYS2d 298] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]) and one count of criminally using drug paraphernalia in the second degree (Penal Law § 220.50 [2]). We reject the contention of defendant that County Court erred in refusing to suppress evidence discovered during a search of his person on the ground that the police lacked a sufficient basis to approach and detain him. The police approached defendant and another person after an officer observed the other person standing in the street holding what appeared to be an open container of beer. As the police approached, another officer observed defendant holding a plastic bag with smaller packages inside containing a chunky white substance that the officer believed to be crack cocaine, and the officer saw defendant place the plastic bag inside the waistband of his pants. The observation of a violation of the City's open container law justified the initial approach and inquiry, and the officer's observation of the plastic bag and attempt by de-

fendant to secrete it constituted probable cause to arrest defendant and search his person (*see, People v Santo*, 243 AD2d 346; *People v Belo*, 240 AD2d 964, *lv denied* 91 NY2d 869; *Matter of Sheldon G.*, 234 AD2d 459).

Defendant's contention that the court erred in failing to reopen the suppression hearing is not preserved for our review (*see,* CPL 470.05 [2]; *People v Kendrick*, 256 AD2d 420). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

There is no merit to defendant's contention that the People failed to produce *Brady* material. Defendant made no specific request for such material, and there is no reasonable probability that the failure to disclose *Brady* material affected the outcome of the trial (*see, People v Scott*, 216 AD2d 592, 594, *affd* 88 NY2d 888; *see also, People v Chin*, 67 NY2d 22, 33). (Appeal from Judgment of Erie County Court, Rogowski, J.— Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Green, Pine, Lawton and Hurlbutt, JJ.