■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES L. HARRIS, JR., Appellant. [692 NYS2d 682] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Corso, J.), rendered September 23, 1996, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the prosecution failed to prove his guilt beyond a reasonable doubt is without merit. Viewing the evidence in the light most favorable to the prosecution (*see,*

*People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]). To the extent that the defendant's argument relies on alleged inconsistencies in the testimony of the detectives involved in this so-called "buy-and-bust" operation, we note that the minor discrepancies do not render the challenged testimony incredible as a matter of law (*see, People v Draksin,* 145 AD2d 500; *People v Di Girolamo,* 108 AD2d 755). In any event, the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented at trial, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*People v Garafolo,* 44 AD2d 86, 88). Here there is no basis to disturb the jury's determination.

The sentence imposed was neither harsh nor excessive (*see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Sullivan, Goldstein and McGinity, JJ., concur.