■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD BRIGGS, Appellant. [728 NYS2d 486] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Martin, J.), rendered December 9, 1998, convicting him of robbery in the first degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the lineup was unduly suggestive because the police failed to correct for height and hairstyle differences is without merit. While due process requires that pretrial identification procedures be fair, there is no requirement that the defendant must be surrounded by fillers who have identical physical characteristics (see, People v Gelzer, 224 AD2d 443). To the contrary, the fillers need only resemble the defendant (see, People v Keller, 242 AD2d 735). The photograph taken of the lineup reflects that the fillers resembled the defendant, even though all of the physical characteristics of all of the participants were not clearly visible. Lineup photographs need not be in the best condition to support a determination that the lineup was fair (see, People v Brown, 269 AD2d 539). Accordingly, we decline to disturb the hearing court's conclusion that the lineup procedure was fair and not unduly suggestive (see, People v Prochilo, 41 NY2d 759).

The defendant's contention that the People failed to prove that one of his victims suffered a serious physical injury is without merit. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction of attempted robbery in the first degree. There is ample evidence of serious physical injury, as the record establishes that the victim had scars visible almost one year after the incident took place (see, People v Rivera, 268 AD2d 538). Ritter, J. P., Friedmann, Luciano and Smith, JJ., concur.