◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN ANDERSON, Appellant. [759 NYS2d 375] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giacobbe, J.), rendered November 27, 2000, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, and criminal use of drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his possession of cocaine and drug paraphernalia is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Udzinski,* 146 AD2d 245, 250 [1989]). In any event, viewing the evidence in

the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Skyles,* 266 AD2d 321, 322 [1999]; *People v Vega,* 175 AD2d 932, 933 [1991]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant was afforded the effective assistance of counsel. Taking into consideration the totality of the evidence, the law, and the circumstances of the case, it is evident that trial counsel provided meaningful representation (*see People v Benevento,* 91 NY2d 708 [1998]). Moreover, the defendant failed to demonstrate "the absence of strategic or other legitimate explanations" for trial counsel's failure to request a *Darden* hearing (*People v Darden* 34 NY2d 177 [1974]; *People v Rivera,* 71 NY2d 705, 709 [1988]; *see People v Fields,* 287 AD2d 577 [2001]).

The defendant's contention that the trial court improperly permitted an expert witness to give background testimony regarding "buy and bust" operations is unpreserved for appellate review and, in any event, is without merit. The trial court sustained many of the defense counsel's objections to this testimony. Additionally, the testimony that was permitted was brief, unspecific with respect to "buy and bust" operations, and relevant to establishing the basis of the expert's testimony regarding the packaging of narcotic drugs, and was not intended to give the unsupported impression that the defendant acted in concert (*compare People v Bethea,* 261 AD2d 629, 630 [1999]; *People v Colon,* 238 AD2d 18 [1997]).

The defendant's contention that the expert's testimony bolstered the testimony of the detective regarding the packaging of narcotic drugs is unpreserved for appellate review and, in any event, is without merit (*see People v Peoples,* 202 AD2d 694, 695 [1994]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Smith, J.P., H. Miller, Cozier and Rivera, JJ., concur.