■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOVELL CARVER, Appellant. [769 NYS2d 755]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered October 31, 2002, convicting him of criminal possession of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence adduced at the trial was legally insufficient to establish that he possessed crack cocaine is unpreserved for appellate review, because he did not specify that ground in his motion to· dismiss at the trial (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. To the extent that the defendant's argument relies on alleged inconsistencies in the testimony of the police detectives, we note that the minor discrepancies do not render the challenged testimony incredible as a matter of law (*see People v Harris,* 262 AD2d 657 [1999]). Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against

the weight of the evidence (see CPL 470.15 [5]). Smith, J.P., Luciano, H. Miller and Townes, JJ., concur.