THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALPHONSO M. DIGGS, JR., Appellant. [796 NYS2d 802]—

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered March 27, 2003. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree and obstructing governmental administration in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of robbery in the first degree (Penal Law § 160.15 [4]) and obstructing governmental administration in the second degree (§ 195.05). We reject defendant's contention that the photo array was unduly suggestive (*see generally People v Chipp,* 75 NY2d 327, 335 [1990], *cert denied* 498 US 833 [1990]). The array of six photographs contained two photographs of defendant, one of which was taken several years earlier and was catalogued under an alias that defendant had been using at that time. A photo array is unduly suggestive "where some characteristic of one picture draws the viewer's attention to it, indicating that the police have made a particular selection" (*People v Robert,* 184 AD2d 597, 598 [1992], *lv denied* 80 NY2d 933 [1992]). Here, under the unique circumstances of

this case, we conclude that the presence of two photographs of defendant in the photo array did not render it unduly suggestive. The witnesses all identified defendant as the bank robber based on his current photograph.

We also reject the contention of defendant that the subsequent lineup identification procedure was unduly suggestive because he was the only person in the lineup with any gray hairs in his beard. "There is no requirement . . . that a defendant in a lineup be surrounded by people nearly identical in appearance" (*Chipp,* 75 NY2d at 336). All of the participants in the lineup were African-American males with dark skin, short hair and some facial hair, and thus we conclude that the lineup identification procedure was not unduly suggestive. Defendant also contends that the lineup identification procedure was unduly suggestive because one of the witnesses knew two of the lineup fillers. Here, six witnesses selected defendant from the lineup, and the fact that one witness knew two fillers does not by itself render the lineup identification procedure unduly suggestive (*see People v Norris*, 122 AD2d 82, 84 [1986], *lv denied* 68 NY2d 916 [1986]; *see also People v Gaddy*, 209 AD2d 430, 431 [1994], *lv denied* 84 NY2d 1031 [1995]).

Also contrary to the contentions of defendant, the evidence is legally sufficient to support the conviction and the verdict is not against the weight of the evidence (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]). The People presented the testimony of eyewitnesses who identified defendant as the man who entered the bank, demanded cash, and displayed the gun in his waistband to the bank teller. In addition, the occupant of the motel room where defendant was hiding testified at trial that defendant had locked the door and tried to escape through the bathroom window and a skylight before she left the room and gave the police permission to search it. Thus, it cannot be said that there is no valid line of reasoning and permissible inferences to lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial, nor can it be said that the jury failed to give the evidence the weight it should be accorded (*see id.*). We reject the further contention of defendant that he was deprived of a fair trial by prosecutorial misconduct (*see generally People v Roman,* 13 AD3d 1115, 1116 [2004], *lv denied* 4 NY3d 802 [2005]; *People v Johnson*, 303 AD2d 967, 968 [2003], *lv denied* 100 NY2d 583 [2003]). Moreover, County Court did not err in denying defendant's motion to set aside the verdict pursuant to CPL 330.30. The alleged newly discovered evidence submitted by defendant was not "of such character as to create a probability that had such evidence been received at

the trial the verdict would have been more favorable to the defendant" (CPL 330.30 [3]; *see People v McCullough*, 275 AD2d 1018, 1019-1020 [2000], *lv denied* 95 NY2d 936 [2000]). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Gorski, Martoche and Smith, JJ.