The People of the State of New York, Respondent, v John Grey, Appellant. [824 NYS2d 678]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered January 5, 1999, convicting him of burglary in the second degree, criminal impersonation in the first degree, petit larceny, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the verdict of guilt was against the weight of the evidence because the testimony of the prosecution's eyewitness was unreliable. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions that are to be determined by the jury, who saw and heard the witnesses testify (*see People v Gaimari*, 176 NY 84, 94 [1903]; *People v Highsmith*, 21 AD3d 1037, 1038 [2005]). The jury was able to weigh the strength of the conflicting testimony before it, and it gave the eyewitness'

testimony its due weight (*see People v Hart*, 8 AD3d 402, 405 [2004]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Regan*, 11 AD3d 640 [2004]).

The defendant's contention that he was denied the effective assistance of counsel is without merit. To establish a claim of ineffective assistance of counsel, proof of less than meaningful representation is required, rather than mere disagreement with counsel's strategies and tactics (*see People v Henry*, 95 NY2d 563, 565-566 [2000]). Generally, "the issue is whether counsel's performance 'viewed in totality' amounts to 'meaningful representation' " (*People v Turner*, 5 NY3d 476, 480 [2005], quoting *People v Baldi*, 54 NY2d 137, 147 [1981]; *see also People v Schulz*, 4 NY3d 521, 531 [2005]). The defendant failed to show that there were no strategic or other legitimate explanations for his trial counsel's decisions (*see People v Benevento*, 91 NY2d 708 [1998]). Adams, J.P., Rivera, Skelos and Lifson, JJ., concur.