■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLYDE MIDDLETON, Appellant. [828 NYS2d 565]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered March 10, 2004, convicting him of criminal sale of a controlled substance in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People did not present

legally sufficient evidence to establish his guilt is unpreserved for appellate review (see CPL 470.05 [2]; People v Gray, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence demonstrated that the defendant knowingly aided in the sale of crack cocaine by directing an undercover officer to "go see my man," the codefendant, after the officer told him he wanted to buy three "dimes." Additionally, the defendant had $20 of prerecorded money on his person when he was arrested with his codefendant shortly after the sale (see People v Cortijo, 251 AD2d 256, 257 [1998]). The alleged inconsistencies in the testimony of the police detectives and police paperwork did not render that testimony incredible as a matter of law (see People v Carver, 3 AD3d 503 [2004]; People v Harris, 262 AD2d 657, 658 [1999]; People v Senior, 203 AD2d 308 [1994]).

Moreover, resolution of issues of credibility is primarily a matter to be determined by the factfinder, which saw and heard the witnesses, and its determination should be afforded great weight on appeal (see People v Romero, 7 NY3d 633, 644-645 [2006]; People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]). Upon the exercise of our factual review power (see CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, supra). Spolzino, J.P., Florio, Lifson and Covello, JJ., concur.