■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHAN HAY, Appellant. [828 NYS2d 897]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered December 3, 2004, convicting him of criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

"The factual findings and credibility determinations of a hearing court are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (*People v Parker*, 306 AD2d 543, 543 [2003]). There is nothing in the record to support the defendant's contention that the testimony of the police officer at the suppression hearing was incredible or patently tailored to nullify constitutional objections (*see People v Parker, supra; People v Evans*, 298 AD2d 401 [2002]). Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. Crane, J.P., Rivera, Goldstein and Carni, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDE HOLLAND, Appellant. [827 NYS2d 884]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated January 27, 1992 (*People v Holland*, 80 AD2d 753 [1981]), affirming a judgment of the Supreme Court, Queens County, rendered February 9, 1988.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Prudenti, P.J., Miller, Schmidt and Crane, JJ., concur.