OPINION OF THE COURT
Frank J. LaBuda, J.
*670 This matter comes on by appeal of defendant-appellant from a jury verdict in the Town of Bethel Justice Court finding him guilty of driving while intoxicated (DWI) and unsafe lane change.
Defendant argues that his retained counsel was ineffective in representing him from the outset of the case, through discovery and motion practice and throughout the jury trial.
Defendant was arrested by New York State Troopers Dowling and Van Valkenberg on January 29, 2005 in the Town of Bethel, County of Sullivan, State of New York. Defendant was charged with DWI for violation of Vehicle and Traffic Law § 1192 (3)* and unsafe lane change for violation of Vehicle and Traffic Law § 1128 (a).
Defendant’s arrest stems from a motor vehicle accident wherein the People claim that he unsafely changed lanes and struck, and became affixed to, a guardrail.
Defendant argues that trial counsel was ineffective and inept in that, inter alia, he failed to move to suppress defendant’s illegal arrest, failed to move to suppress the identification of the defendant, elicited harmful evidence against defendant at trial and showed ignorance of basic criminal procedure and evidentiary rules.
At the time that the New York State Troopers arrived at the accident scene, the defendant was seated in the passenger seat of a Toyota while Mikhail Zemko was seated in the driver’s seat. The Toyota was attempting to pull the accident vehicle, a Dodge van, from the guardrail by means of a rope attached from the Toyota to the van.
The Troopers, believing that defendant had been drinking, gave defendant field sobriety tests which he failed. Defendant allegedly did not follow instructions properly, but it is not clear whether the defendant understands the English language very well.
Glenn Lapolt, a man who was ice fishing on a pond some distance from the road, told one of the State Troopers that he heard a crash, looked up and saw a man walking around the van. Some time later he looked again and saw a second car attempting to pull the van off the guardrail. Mr. Lapolt was then brought to the scene and identified defendant as the man he saw walking around the van right after the crash.
*671 Following defendant’s arraignment, his attorney failed to timely file any motions. The Justice Court extended motion time and defendant’s attorney then served a demand to produce, though it was after the extension time.
Said demand to produce did not include a demand for the approximate time, date and place of the offense charged and the defendant’s arrest.
The defense attorney did not serve a motion to suppress defendant’s arrest or a motion to suppress the identification even though a proper arrest and the identification issue were central to the within case.
The defense attorney did file a motion to dismiss on speedy trial grounds and supplied alibi affidavits showing that the matter should be dismissed because defendant did not drive the van. In said motion the defense attorney consistently referred to the People’s eyewitness Glenn Lapolt as “John Bethel.” Though said motion implied an arrest without probable cause and an identification induced by the police, motions to suppress the arrest or identification were not made. The motion was properly denied.
After jury selection but prior to the court’s preliminary instructions, defense counsel moved orally to dismiss on insufficiency grounds. The People objected as the motion was not on notice and the evidence had not commenced yet. Defense counsel insisted that the motion was proper. Said motion was denied.
The only evidence that the defendant was driving the van was the testimony of Glenn Lapolt, who was ice fishing some distance, about 200 yards, away and was then brought to the accident scene by the State Troopers to identify the defendant. The defense attorney questioned him regarding a zippered jacket worn by the defendant even though said questioning was outside the scope of the evidence elicited at trial. Said questioning, arguably, bolstered the witness’ testimony against the interests of the defendant.
There was also trial testimony concerning the defendant’s unfamiliarity with the English language. Because of defendant’s alleged lack of speaking English, a Russian interpreter was supplied to the defendant at the State Police barracks after arrest. At trial, the People produced a New York State Trooper who testified that he was previously a police officer in New York City for four years (about 20 years ago), that the defendant held a New York City Taxi and Limousine Commission “Hack License,” *672 and that a requirement to obtain said license is the passing of an English proficiency exam. There was no foundation laid to qualify this witness as an expert nor were objections made to his qualifications as an expert or his testimony.
At trial, the defense attorney attempted to put into evidence three photographs depicting head injuries to the person the defense alleged to be the actual driver of the van. These photographs were not admitted due to the lack of understanding of how to introduce admissible evidence by the defense attorney.
Thus, the defense attorney not only did not know how to introduce admissible evidence but he did not know how or why to object when the People introduced expert testimony without a foundation.
In attempting to elicit evidence of defendant’s character, the defense attorney persisted in requesting opinion testimony from his witness over the objection of the People and the sustaining of the objection by the court. Finally, a chambers conference was held on this issue. The defense attorney attempted to quote Federal Rules of Evidence from Trial Techniques by Thomas Mauet (5th ed). After considerable discussion regarding New York State law, the court offered to read from Richardson on Evidence but the defense attorney declined said offer.
The defense attorney also showed his ineffectiveness by his unfamiliarity with cross-examination, hearsay testimony, lesser included offenses, verdict sheets and jury charges.
Lastly, after the jury verdict was rendered, the court asked the defense attorney whether he wanted the jury “polled.” The defense attorney was not familiar with that term.
The well-established measure in judging a violation of a defendant’s constitutional right to effective assistance of counsel shall be analyzed by a flexible standard. (People v Benevento, 91 NY2d 708 [1998].)
“So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met.” (People v Baldi, 54 NY2d 137, 147 [1981].)
An appellate court should not misidentify ineffectiveness with losing strategy or tactics. (People v Grey, 34 AD3d 832 [2d Dept 2006].)
The defendant has the burden “to demonstrate the absence of strategic or other legitimate explanations for counsel’s al *673 leged shortcomings.” (People v Taylor, 1 NY3d 174, 176 [2003]; People v Benevento, supra.)
An error or errors must be “sufficiently egregious and prejudicial as to compromise a defendant’s right to a fair trial.” (People v Caban, 5 NY3d 143, 152 [2005].)
The federal standard for ineffectiveness of counsel requires a two-prong test wherein the defendant must show both that counsel’s representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for defense counsel’s unprofessional errors, the results of the proceeding would have been different. (See, Strickland v Washington, 466 US 668 [1984].)
New York State law has departed from the second “but for” prong under Strickland, thus adopting a rule more favorable to the defendant. (People v Turner, 5 NY3d 476 [2005].)
“[I]t is elementary that the right to effective representation includes the right to assistance by an attorney who has taken the time to review and prepare both the law and the facts relevant to the defense (People v Bennett, supra) and who is familiar with, and able to employ at trial basic principles of criminal law and procedure (People v LaBree, 34 NY2d 257; cf. People v Jones, 25 NY2d 637).” (People v Droz, 39 NY2d 457, 462 [1976].)
Notwithstanding the defense attorney’s ineffectiveness and ineptness regarding the myriad instances mentioned above, this court is at a loss to posit any strategy or tactic whereby a motion to suppress defendant’s arrest and identification was not made herein especially in light that they were the central and crucial issues of this case.
There is no question herein that counsel representing the defendant was ineffective in that he was not prepared in both the law and the facts and he was unable to employ basic principles of criminal law and procedure.
Based upon the above, it is ordered that the appeal is granted; and it is further ordered that defendant’s convictions and sentence are vacated; and it is further ordered that this matter is returned to the Town of Bethel Justice Court for further proceedings consistent herewith.

 Defendant refused a breath test; thus he was not also charged with violation of Vehicle and Traffic Law § 1192 (2).