■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD JORDAN, Appellant. [843 NYS2d 450]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered November 17, 2005, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of murder in the second degree because the identification testimony of the only witness was unreliable, and the testimony of the detective was patently tailored to nullify constitutional objections, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, the defendant's contention is without merit (*see People v Hay,* 37 AD3d 494 [2007], *lv denied* 8 NY3d 985 [2007]; *People v Vecchio,* 31 AD3d 674 [2006]; *People v Mercer,* 17 AD3d 607 [2005]). Viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish his guilt beyond a reasonable doubt (*see People v Contes,* 60 NY2d 620

[1983]). Any alleged inconsistencies between the grand jury testimony of the identifying witness and his trial testimony were not of such magnitude as to render his trial testimony incredible or unreliable as a matter of law (*see People v Almonte*, 23 AD3d 392, 393 [2005]; *People v Carver*, 3 AD3d 503 [2004]). To the contrary, these inconsistencies were matters to be considered by the jury in assessing his credibility (*see People v Betts*, 292 AD2d 539 [2002]; *People v Lambert*, 272 AD2d 413, 414 [2000]).

The hearing court properly declined to suppress lineup identification evidence (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]; *People v Green*, 14 AD3d 578 [2005]). "While the fillers used in a lineup must be sufficiently similar to the defendant so that no characteristic or visual clue would orient the viewer toward the defendant as a perpetrator of the crimes charged (*see, People v Lundquist*, 151 AD2d 505, 506), there is no requirement that a defendant in a lineup be accompanied by individuals nearly identical in appearance" (*People v Cintron*, 226 AD2d 390, 390-391 [1996]). The fact that the defendant was the only one in the lineup wearing a white jacket was not so unduly suggestive of his identity as to create a substantial likelihood of irreparable misidentification because there is no evidence that his clothing figured prominently in the witness' description of the perpetrator (*see People v Torres*, 309 AD2d 823 [2003]; *People v Foster*, 272 AD2d 410, 411 [2000]; *People v Tinnen*, 238 AD2d 615, 616 [1997]).

The defendant was afforded the effective assistance of counsel. Taking into consideration the totality of the evidence, the law, and the circumstances of the case, it is evident that trial counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Hightower*, 35 AD3d 884 [2006]; *People v Grey*, 34 AD3d 832, 833 [2006], *lv denied* 9 NY3d 865 [2007]). Moreover, the defendant failed to demonstrate "the absence of strategic or other legitimate explanations" (*People v Rivera*, 71 NY2d 705, 709 [1988]) for the failure of trial counsel to request a *Rodriguez* hearing (*see People v Rodriguez*, 79 NY2d 445, 449-550 [1992]; *People v Anderson*, 305 AD2d 611, 612 [2003]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Ritter, J.P., Santucci, Goldstein and Dillon, JJ., concur.