■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GAMEL CHERRY, Appellant. [848 NYS2d 283]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered July 29, 2003, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony. By decision and order dated February 7, 2006, this Court remitted the matter to the Supreme Court, Kings County, for a de novo suppression hearing and a report thereafter on that branch of the defendant's omnibus motion which was to suppress identification testimony, and held the appeal in abeyance in the interim (*see People v Cherry*, 26 AD3d 342 [2006]). The Supreme Court, Kings County, has now filed its report.

Ordered that the judgment is affirmed.

A hearing court's credibility determinations are accorded great deference on appeal and will not be disturbed unless clearly unsupported by the record (*see People v Hay*, 37 AD3d 494 [2007]). Contrary to the appellant's contention, the testimony of the police officers at the suppression hearing was neither incredible nor patently tailored to nullify constitutional objections (*id.; see People v Umadat*, 29 AD3d 830 [2006]). Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony.

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Schmidt, J.P., Mastro, Krausman and Covello, JJ., concur.