■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRAVIS MARSHALL, Appellant. [859 NYS2d 664]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered September 29, 2006, convicting him of attempted robbery in the third degree and attempted assault in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the lineup was unduly suggestive because of the weight differences between him and the other lineup participants is unpreserved for appellate review (*see* CPL 470.05 [2]).

Contrary to the People's contention, the defendant's remaining claims with respect to the alleged suggestiveness of the lineup are preserved for appellate review because they were "expressly decided" by the Supreme Court (CPL 470.05 [2]; *see People v Sellers,* 168 AD2d 583 [1990]). The Supreme Court properly declined to suppress lineup identification evidence. While lineup participants should share the same general physical characteristics, there is no requirement that a defendant in a lineup be surrounded by persons who are nearly identical in appearance (*see People v Kirby,* 34 AD3d 695 [2006]). Here, the photographs taken at the lineup demonstrate that the participants were similar to the defendant in skin tone, attire, hair color, and age, and that minor differences in height did not render the lineup unduly suggestive (*see People v Johnson,* 33 AD3d 939, 940 [2006]). Any height differences were minimized by the fact that the participants were seated (*see People v Villacreses,* 12 AD3d 624 [2004]). The defendant's unique hairstyle was not part of the complainant's description of the perpetrator (*see People v Jordan,* 44 AD3d 875, 876 [2007]), and did not render the lineup unduly suggestive (*see People v Diggs,* 19 AD3d 1098, 1099 [2005]; *People v Briggs,* 285 AD2d 514 [2001]). Moreover, the fact that the defendant wore the same shirt in the photograph array as he did during the lineup did not render the lineup unduly suggestive because the clothing did not figure prominently in the complainant's description and the evidence demonstrated that the complainant concentrated on his face rather than on his clothing (*see People v Jordan,* 44 AD3d 875, 876 [2007]; *People v Saunders,* 306 AD2d 502, 502-503 [2003]).

In light of our determination, there is no merit to the

defendant's contention that the People were required to demonstrate an independent source for the complainant's in-court identification (*see People v Brown,* 47 AD3d 826 [2008]). Lifson, J.P., Ritter, Dillon and Leventhal, JJ., concur.