■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL FLEMING, Appellant. [884 NYS2d 477]—

Appeals by the defendant from (1) a judgment of the County Court, Westchester County (Loehr, J.), rendered March 5, 2007, convicting him of robbery in the third degree, grand larceny in

the fourth degree, and menacing in the second degree, under indictment No. 06-00621, upon his plea of guilty, and (2) a judgment of the same court, also rendered March 5, 2007, convicting him of robbery in the second degree, under indictment No. 06-00622, upon a jury verdict, and imposing sentences. The appeals bring up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence, identification testimony, and his statements to law enforcement officials.

Ordered that the judgments are affirmed.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt under indictment No. 06-00622 was not against the weight of the evidence (*see People v Johnson*, 10 NY3d 875, 878 [2008]; *People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the hearing court properly declined to suppress lineup identification evidence. "While lineup participants should share the same general physical characteristics, there is no requirement that a defendant in a lineup be surrounded by persons who are nearly identical in appearance" (*People v Marshall*, 51 AD3d 821, 821 [2008]). Here, the lineup was not unduly suggestive, as any height differences were minimized by the fact that the participants were seated, and the photographs taken at the lineup demonstrate that the fillers sufficiently resembled the defendant (*id.*; *see People v Solis*, 43 AD3d 1190 [2007]; *People v Villacreses*, 12 AD3d 624 [2004]).

Additionally, the hearing court properly determined that there was reasonable suspicion to stop a vehicle shortly after a robbery at a nearby location since the vehicle had the license plate number provided by a witness who saw the vehicle drive away at a high rate of speed immediately after the robbery (*see People v Eades*, 269 AD2d 857 [2000]; *People v Mitchell*, 143 AD2d 947 [1988]; *People v Finlayson*, 76 AD2d 670 [1980]). The defendant's reliance on trial testimony to challenge the hearing court's determination is improper, since he failed to move to reopen the suppression hearing (*see People v Rice*, 39 AD3d 567 [2007]; *People v Boynton*, 35 AD3d 875 [2006]). Moreover, the propriety of the denial of the defendant's suppression motion

must be determined based upon the evidence before the suppression court (*see People v Gonzalez*, 55 NY2d 720, 722 [1981]; *People v Sumpter*, 192 AD2d 628 [1993]). The hearing court properly determined that the police had probable cause to arrest the defendant once the police observed a gun in plain view in the back seat of the vehicle (*see People v Haynes*, 16 AD3d 434 [2005]; *People v Byrd*, 156 AD2d 374 [1989]). Accordingly, the Supreme Court properly denied those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Portions of the defendant's claim of ineffective assistance of counsel are based on matter dehors the record, which cannot be reviewed on direct appeal (*see People v Haynes*, 39 AD3d 562, 564 [2007]). To the extent that this claim is reviewable on these appeals, the defendant received meaningful representation (*see People v Ramchair*, 8 NY3d 313, 316 [2007]; *People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Rivera, J.P., Skelos, Balkin and Leventhal, JJ., concur.