■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVAL COBB, Appellant. [898 NYS2d 557]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered June 9, 2008, convicting him of criminal posses-

sion of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

" 'The credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record' " (*People v Moran*, 68 AD3d 786, 787 [2009], quoting *People v Martinez*, 58 AD3d 870, 870-871 [2009]). Contrary to the defendant's contention, the testimony of the police detective at the suppression hearing was not incredible, patently tailored to nullify constitutional objections, or otherwise unworthy of belief (*see People v Cooks*, 57 AD3d 796, 797 [2008]; *People v Cherry*, 46 AD3d 834 [2007]; *People v Hay*, 37 AD3d 494 [2007]; *People v Rivera*, 27 AD3d 489, 490 [2006]).

Furthermore, the hearing court's determination that the police possessed probable cause to arrest the defendant was adequately supported by the record (*see People v Soto*, 63 AD3d 512, 512-513 [2009]; *People v Scott-Heron*, 11 AD3d 364 [2004]; *People v Brown*, 193 AD2d 612, 613 [1993]; *People v Guine*, 173 AD2d 849 [1991]). Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. Covello, J.P., Miller, Dickerson and Belen, JJ., concur.