■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PERKINS, Appellant. [2 NYS3d 220]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered December 6, 2010, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress lineup identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly declined to suppress lineup identification evidence. " 'While lineup participants should share the same general physical characteristics, there is no requirement that a defendant in a lineup be surrounded by persons who are nearly identical in appearance' " (People v Fleming, 65 AD3d 702, 703 [2009], quoting People v Marshall, 51 AD3d 821, 821 [2008]). Here, the photographs taken at the lineup reveal that the participants were similar to the defendant in skin tone, attire, and age, and that minor differences in height did not render the lineup unduly suggestive (see People v Marshall, 51 AD3d at 821; People v Johnson, 33 AD3d 939, 940 [2006]). The defendant's dreadlock hairstyle was not part of the subject complainants' descriptions of the perpetrator (see People v Marshall, 51 AD3d at 821; People v Jordan, 44 AD3d 875, 876 [2007]), was minimized by the fact that the participants all wore hats, and, under the circumstances of this case, did not render the lineup unduly suggestive (see People v Marshall, 51 AD3d at 821; People v Diggs, 19 AD3d 1098, 1099 [2005]; People v Briggs, 285 AD2d 514 [2001]).

Furthermore, contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his motion, made during the trial, to reopen the suppression hearing. The defendant failed to demonstrate that the new facts he proffered in support of the motion were likely to affect the original determination (see CPL 710.40 [4]; People v Clark, 88 NY2d 552, 555 [1996]; People v Moore, 118 AD3d 916, 918 [2014]).

The Supreme Court providently exercised its discretion in

denying the defendant's request for an adverse inference instruction concerning the People's failure to preserve audio recordings of certain 911 emergency telephone calls. There was no bad faith or lack of diligence on the part of the People, and the defendant was not prejudiced, inasmuch as he was furnished with printed summary reports of the content of the calls, commonly known as sprint reports, which afforded him a sufficient opportunity to impeach the People's witness (*see People v Brown*, 92 AD3d 455, 456-457 [2012]; *People v Marengo*, 276 AD2d 358, 359 [2000]).

The Supreme Court did not improvidently exercise its discretion in denying the defendant's *Batson* challenges (*see Batson v Kentucky*, 476 US 79 [1986]). The prosecutor provided race-neutral reasons for exercising peremptory challenges against the subject prospective jurors. In response, the defendant failed to prove purposeful discrimination by the prosecution in exercising peremptory challenges against the prospective jurors, and there is no basis to disturb the court's determination that the prosecutor's proffered race-neutral reasons were not pretextual (*see People v Hecker*, 15 NY3d 625, 656 [2010]; *People v English*, 119 AD3d 706, 706 [2014]).

The defendant's remaining contentions are without merit. Balkin, J.P., Dickerson, Sgroi and Cohen, JJ., concur.