■ In the Matter of CHRISTOPHER WOODS, Appellant, v KATHRYN GARCIA et al., Respondents. [46 NYS3d 889]—

Order and judgment (one paper), Supreme Court, New York County (Joan B. Lobis, J.), entered October 13, 2015, inter alia, denying the petition to annul respondent Sanitation Department's determination, dated January 23, 2014, which terminated petitioner's employment, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

The determination terminating petitioner's employment was rational and not affected by an error of law (see Matter of Partnership 92 LP & Bldg. Mgt. Co., Inc. v State of N.Y. Div. of Hous. & Community Renewal, 46 AD3d 425, 428 [1st Dept 2007], affd 11 NY3d 859 [2008]).

The record substantiates the special referee's findings that the field supervisor and garage supervisor on duty on the date of the incident communicated to petitioner an order to submit to substance abuse testing and that petitioner disregarded that order (see Andersen v Weinroth, 48 AD3d 121, 133 [1st Dept 2007]; Kardanis v Velis, 90 AD2d 727 [1st Dept 1982]).

Petitioner's contention that the field supervisor violated departmental procedure governing paperwork is not supported by the record. In any event, such a violation would not affect the dispositive issue, which is whether respondent disregarded a substance use testing order (see generally People v Middleton, 36 AD3d 941 [2d Dept 2007], lv denied 8 NY3d 948 [2007]). That issue, as well as the credibility issue presented by the conflict between the garage supervisor's testimony that he told petitioner to go upstairs to be drug tested and his earlier handwritten, notarized statement that there was a "good chance" that petitioner did not hear the order in the noisy garage, was resolved by the referee against petitioner on the basis of credibility determinations that are entitled to great weight (see McFadden v Bruno, 37 AD3d 177, 177 [1st Dept 2007]). Concur—Sweeny, J.P., Andrias, Manzanet-Daniels, Gische and Webber, JJ.