People v Green (2019 NY Slip Op 04405)





People v Green


2019 NY Slip Op 04405


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-07329
 (Ind. No. 1478/16)

[*1]The People of the State of New York, respondent,
v
Henry Green, appellant.


Joseph A. Hanshe, Sayville, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Yael V. Levy and W. Thomas Hughes of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Teresa K. Corrigan, J.), rendered June 12, 2017, convicting him of criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the seventh degree (two counts), criminal use of drug paraphernalia in the second degree, and unlawful possession of marijuana, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that the Supreme Court's Molineux ruling (see People v Molineux, 168 NY 264) was improper. However, since the People did not elicit in their case in chief any testimony or evidence regarding any prior bad acts by the defendant, the defendant cannot establish that he was prejudiced by the purportedly improper ruling (see People v Prentice, 199 AD2d 343). Furthermore, we agree with the court's Sandoval ruling (see People v Sandoval, 34 NY2d 371), which permitted the prosecutor to inquire about the defendant's 2004 felony conviction of criminal possession of a controlled substance in the third degree, in the event that the defendant decided to testify. To the extent the defendant claims that the court's adverse ruling impacted upon his decision not to testify (see People v Baldwin, 167 AD3d 925; People v Cunny, 163 AD3d 708), we conclude that the evidence of this conviction would have been probative of the defendant's credibility because it bore on his willingness to place his own interests above those of society (see People v Williams, 168 AD3d 1108; People v Sharpe, 87 AD3d 1168; People v Pannetti, 182 AD2d 647).
The defendant's contention that the Supreme Court improperly permitted an expert to give testimony regarding narcotics possession and sale is unpreserved for appellate review. In any event, the testimony of Detective Carroll was brief. He simply explained to the jurors the differences between the quantities and packaging of drugs for personal use, as opposed to the quantities and packaging for distribution and sale (see People v Hicks, 2 NY3d 750, 751; People v Smith, 153 AD3d 643; People v Quarless, 123 AD3d 1060, 1061; People v Polanco, 169 AD2d 551, 552); and did not impermissibly bolster the testimony of the other police witnesses (see People v Anderson, 305 AD2d 611; People v Edwards, 273 AD2d 249; People v Peoples, 202 AD2d 694).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., DILLON, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court