■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY WILLIAMS, Appellant. [624 NYS2d 215] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered June 24, 1992, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's claim that the court erred in denying his request for a circumstantial evidence charge is without merit. A court is required to honor a defendant's request for a circumstantial evidence charge only where, unlike here, the evidence of his participation in criminal activity is "entirely * * * circumstantial" *(People v Barnes,* 50 NY2d 375, 380; *see*

*also, People v Guidice,* 83 NY2d 630, 636; *People v Silva,* 69 NY2d 858, 859). In this case there was direct evidence of the defendant's guilt consisting of the testimony of several witnesses, as well as the defendant's own statements in which he made relevant admissions of guilt *(see, People v Rumble,* 45 NY2d 879, 880; *see also, People v Licitra,* 47 NY2d 554, 558-559).

Finally, because the defendant did not object in a timely manner, he failed to preserve for appellate review his claim that the court's charge on the theory of acting in concert was defective (CPL 470.05 [2]). Lawrence, J. P., Santucci, Friedmann and Florio, JJ., concur.