■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GANDHI GUZMAN, Appellant. [643 NYS2d 201] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered June 25, 1991, convicting him of criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During jury selection, the defense raised an objection pursuant to *Batson v Kentucky* (476 US 79) regarding the prosecution's use of peremptory challenges to exclude African-American panelists from the jury. The prosecution offered race-neutral explanations for each challenge, rendering the issue of the prima facie showing academic (*see, Hernandez v New York,* 500 US 352, 359; *People v Jones,* 88 NY2d 172; *People v Thomas,* 210 AD2d 515; *People v Jones,* 204 AD2d 485) and satisfying its obligation to provide facially race-neutral explanations for its challenges (*see, People v Allen,* 86 NY2d 101, 104). The burden then returned to the defense to show that the explanations offered were pretextual (*see, Purkett v Elem,* 514 US —, 115 S Ct 1769; *People v Allen, supra*). The issues on appeal with respect to nearly all of the explanations are unpreserved for appellate review, since the defendant's arguments made at trial did not address the merits of the prosecution's facially-neutral explanations (*see,* CPL 470.05 [2]; *People v Allen, supra,* at 111). In any event, upon this Court's review of the record, we conclude that the explanations offered were not pretextual.

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Bracken, J. P., O'Brien, Joy and Florio, JJ., concur.