■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO RODRIGUEZ, Appellant. [688 NYS2d 165] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered January 12, 1994, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During jury selection, the defense raised an objection pursuant to *Batson v Kentucky* (476 US 79), regarding the prosecution's use of peremptory challenges to exclude an Hispanic panelist from the jury. The prosecution offered race-neutral explanations for the challenge, which rendered the issue of a prima facie showing academic (*see, Hernandez v New York,* 500 US 352, 359; *People v Payne,* 88 NY2d 172; *People v Guzman,* 227 AD2d 642, 643; *People v Thomas,* 210 AD2d 515; *People v Jones,* 204 AD2d 485), and satisfied its obligation to provide facially race-neutral explanations (*see, People v Allen,* 86 NY2d 101, 104). The burden then shifted to the defense to show that the offered explanations were pretextual (*see, Purkett v Elem,* 514 US 765; *People v Allen, supra,* at 104).

The issues on appeal with respect to nearly all of the prosecution's explanations are unpreserved for appellate review, since the defendant's arguments made at trial did not address the merits of those explanations (*see,* CPL 470.05 [2]; *People v Allen, supra,* at 111; *People v Guzman, supra,* at 643). In any event, upon this Court's review of the record, we conclude that the explanations offered were facially race neutral and were not pretextual.

The defendant's claim that the court erred in denying his request for a circumstantial evidence charge is without merit. A court is required to honor a defendant's request for a circumstantial evidence charge only where the evidence of his participation in criminal activity is "entirely * * * circumstantial" (*People v Barnes,* 50 NY2d 375, 380; *see, People v Guidice,* 83 NY2d 630, 636; *People v Silva,* 69 NY2d 858, 859; *People v Williams,* 213 AD2d 688, 689). Here, there was direct evidence of the defendant's guilt, consisting of the defendant's own statements (*see, People v Rumble,* 45 NY2d 879, 880; *see also, People v Licitra,* 47 NY2d 554, 558-559; *People v Williams, supra,* at 689). Bracken, J. P., Sullivan, Altman and McGinity, JJ., concur.