■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS RODRIGUEZ, Appellant. [987 NYS2d 347]—

Judgments, Supreme Court, New York County (Richard D.

Carruthers, J.), rendered July 14, 2011, convicting defendant, after a jury trial, of murder in the second degree, attempted murder in the second degree and two counts each of assault in the first degree, criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third and fourth degrees, and sentencing him, as a second violent felony offender, to an aggregate term of 80 years to life, unanimously modified, on the law, to the extent of directing that the sentence for defendant's conviction of criminal possession of a weapon under the sixth count of the indictment run concurrently with the sentences on the murder, attempted murder and assault convictions, and otherwise affirmed.

The court conducted a thorough colloquy with a juror who expressed a concern for his safety as a result of his erroneous belief that defendant's wife had tried to contact him, and, following this inquiry, the court properly concluded that the juror was not grossly unqualified to continue serving. After the juror learned that the call he received (apparently the result of a stranger dialing a wrong number) could not have been from defendant's wife, he assured the court that this incident would not affect his ability to remain fair and impartial (*see* CPL 270.35 [1]; *People v Buford*, 69 NY2d 290 [1987]).

The sentence for defendant's conviction under Penal Law § 265.03 (1) (b), for possessing a loaded firearm with intent to use it unlawfully against another, must run concurrently with the sentences on the other charges relating to the shootings. The People neither alleged nor proved any unlawful intent that was separate from his intent to shoot the victims (*see People v Wright*, 19 NY3d 359 [2012]). However, the court lawfully imposed a consecutive sentence for the conviction under Penal Law § 265.03 (3), because there was a completed possession, within the meaning of that statute, before the shooting took place (*see People v Brown*, 21 NY3d 739 [2013]).

We perceive no other basis for reducing the sentences. Concur—Mazzarelli, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Kapnick, JJ.