■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMEL FABERS, Appellant. [20 NYS3d 89]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered November 10, 2011, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 22 years to life on the conviction of murder in the second degree and a determinate term of imprisonment of 13 years on the conviction of criminal possession of a weapon in the second degree, to run consecutively to each other, plus a period of five years of postrelease supervision. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of criminal possession of a weapon in the second degree from a determinate term of 13 years of imprisonment to a determinate term of five years of imprisonment; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly declined to suppress identification testimony. Although lineup participants should share the same general physical characteristics, there is no requirement that a defendant in a lineup be surrounded by persons who are nearly identical in appearance (*see People v Marshall*, 51 AD3d 821 [2008]; *People v Kirby*, 34 AD3d 695 [2006]). Here, the hearing record, including a photograph of the corporeal lineup, establishes that the

lineup procedure was not unduly suggestive (*see People v Mc-Donald*, 82 AD3d 1125 [2011]; *People v Marshall*, 51 AD3d at 821; *People v Jordan*, 44 AD3d 875, 876 [2007]; *People v Johnson*, 33 AD3d 939, 940 [2006]; *People v Saunders*, 306 AD2d 502 [2003]).

The defendant's contention that the Supreme Court failed to comply with the procedure for handling jury notes set forth by the Court of Appeals in *People v O'Rama* (78 NY2d 270, 277-278 [1991]) is unpreserved for appellate review. The alleged failure to comply with the *O'Rama* procedure did not constitute a mode of proceedings error which would obviate the preservation requirement because it is evident from the record that the Supreme Court fulfilled its core responsibilities under CPL 310.30 by providing defense counsel with meaningful notice of the content of the jury's notes (*see People v Nealon*, 26 NY3d 152 [2015]; *People v Ramirez*, 15 NY3d 824, 826 [2010]; *People v Kadarko*, 14 NY3d 426, 429-430 [2010]; *People v Heron*, 130 AD3d 754, 756 [2015]; *People v Pressley*, 115 AD3d 991, 992 [2014]).

Contrary to the defendant's contention raised in his pro se supplemental brief, the Supreme Court did not err in denying his trial motion to reopen the suppression hearing. The defendant failed to show that the new facts he proffered in support of the motion were likely to affect the original determination (*see* CPL 710.40 [4]; *People v Clark*, 88 NY2d 552, 555 [1996]; *People v Guerrier*, 129 AD3d 863 [2015]; *People v Perkins*, 124 AD3d 915 [2015]).

In his pro se supplemental brief, the defendant contends that the verdict was against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Although the defendant contends in his pro se supplemental brief that counsel should have sought a circumstantial evidence charge, such a charge would not have been warranted here (*see People v Rodriguez*, 259 AD2d 713 [1999]; *People v Williams*, 213 AD2d 688, 688-689 [1995]). Consequently, the failure of trial counsel to seek that jury charge cannot be said to have constituted ineffective assistance of counsel (*see People v Caban*,

5 NY3d 143, 152 [2005]; *People v McDonald*, 82 AD3d 1125, 1126 [2011]).

The Supreme Court properly imposed consecutive sentences for the convictions of murder in the second degree and criminal possession of a weapon in the second degree in light of, inter alia, the evidence at trial showing that prior to the shooting incident the defendant possessed the weapon that he ultimately used (*see People v Brown*, 21 NY3d 739, 751-752 [2013]; *People v Mitchell*, 118 AD3d 1417, 1418-1419 [2014]; *People v Rodriguez*, 118 AD3d 451, 452 [2014]).

The sentence imposed upon the conviction of criminal possession of a weapon in the second degree was excessive to the extent indicated herein (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Mastro, J.P., Balkin, Dickerson and Roman, JJ., concur.