■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMO DEOKORO, Appellant. [27 NYS3d 390]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered May 10, 2010, convicting him of murder in the second degree, criminal possession of a weapon in the second degree (two counts), and tampering with physical evidence (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues on appeal that he was deprived of his right to a fair trial due to improper remarks made by the prosecutor during summation. This contention is without merit, as most of the challenged remarks were fair comment on the evidence and fair response to the arguments made by defense counsel in summation (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Willis*, 122 AD3d 950, 950 [2014]). To the extent that some of the prosecutor's summation remarks were improper,

those remarks did not deprive the defendant of a fair trial, and any other error in this regard was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that any error contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Roscher*, 114 AD3d 812, 813 [2014]; *People v Walston*, 196 AD2d 903 [1993]).

The defendant's contention that the Supreme Court failed to comply with the procedure for handling jury notes set forth by the Court of Appeals in *People v O'Rama* (78 NY2d 270, 277-278 [1991]) with respect to a note indicating the jury was deadlocked is unpreserved for appellate review and does not warrant the invocation of this Court's interest of justice jurisdiction (*see* CPL 470.15 [6] [a]; *People v Matos*, 133 AD3d 885, 888 [2015]; *People v Lopez*, 200 AD2d 767, 768 [1994]). The alleged failure to comply with the *O'Rama* procedure did not constitute a mode of proceedings error which would obviate the preservation requirement because it is evident from the record that the Supreme Court fulfilled its core responsibilities under CPL 310.30 by providing defense counsel with meaningful notice of the content of the jury note at issue (*see People v Nealon*, 26 NY3d 152 [2015]; *People v Ramirez*, 15 NY3d 824, 826 [2010]; *People v Kadarko*, 14 NY3d 426, 429-430 [2010]; *People v Fabers*, 133 AD3d 616, 618 [2015]).

Contrary to the defendant's contention, the sentence imposed for his conviction of murder in the second degree was not excessive (*see People v Delgado*, 80 NY2d 780 [1992]). Dillon, J.P., Chambers, Dickerson and Barros, JJ., concur.