THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRECK LEGRAND, Appellant. [31 NYS3d 868]—

Judgment, Supreme Court, Bronx County (Patricia M. DiMango, J.), rendered March 14, 2013, convicting defendant, upon his plea of guilty, of manslaughter in the first degree and criminal possession of a weapon in the second degree, and sentencing him to consecutive terms of 25 years and five years, respectively, unanimously modified, on the law, to run the sentences concurrently, and otherwise affirmed.

In addition to pleading guilty to first-degree manslaughter, defendant pleaded guilty to a count charging him with criminal possession of a weapon in the second degree under Penal Law § 265.03 (3). Pursuant to Penal Law § 70.25 (2), sentences for two or more offenses may not run consecutively where either a single act constitutes the offenses or a single act constitutes one offense and is a material element of the other (Penal Law § 70.25 [2]; *People v Laureano*, 87 NY2d 640, 643 [1996]).

This Court has upheld consecutive sentences for two or more offenses that include simple weapon possession without intent, but only where the "possession and use are separate or successive acts" (*People v Rosario*, 26 AD3d 271, 273 [1st Dept 2006], *lv denied* 6 NY3d 897 [2006]). Because there is nothing in defendant's factual allocution or the allegations contained in the count in the indictment to which he pleaded guilty establishing possession at any point other than the shooting, the sentences must run concurrently (*see Laureano*, 87 NY2d at 644 [1996]; *compare People v Rodriguez*, 118 AD3d 451, 452 [1st Dept 2014], *lv denied* 24 NY3d 964 [2014] [consecutive sentences permitted because trial evidence established completed possession before shooting]). If, in fact, the possession and use were separate acts, the plea allocution should have been structured accordingly in order to render the negotiated aggregate sentence a lawful one. Concur—Tom, J.P., Sweeny, Moskowitz, Richter and Gesmer, JJ.