■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD GIBSON, Appellant. [47 NYS3d 337]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Grella, J.), rendered May 15, 2015, convicting him of robbery in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]).

The defendant's contention that the Supreme Court failed to comply with the procedure for handling jury notes set forth by the Court of Appeals in *People v O'Rama* (78 NY2d 270, 277-278 [1991]) with respect to one of several jury notes is unpreserved for appellate review (*see People v Ramirez*, 15 NY3d 824, 825-826 [2010]; *People v Fabers*, 133 AD3d 616, 617

[2015]; *People v Santiago*, 117 AD3d 759, 760 [2014]). Contrary to the defendant's contention, the alleged failure to comply with the *O'Rama* procedure did not constitute a mode of proceedings error which would obviate the preservation requirement because it is evident from the record that the court fulfilled its core responsibilities under CPL 310.30 by providing defense counsel with meaningful notice of the content of the jury note at issue (*see People v Nealon*, 26 NY3d 152 [2015]; *People v Deokoro*, 137 AD3d 1297, 1298 [2016]; *People v Fabers*, 133 AD3d at 618). Moreover, we decline to reach the contention in the exercise of our interest of justice jurisdiction. Chambers, J.P., Hall, Maltese and Barros, JJ., concur.