People v Bonds (2018 NY Slip Op 00162)





People v Bonds


2018 NY Slip Op 00162


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2013-08529
 (Ind. No. 4684/10)

[*1]The People of the State of New York, respondent,
v
Ronell Bonds, appellant.


Seymour W. James, Jr., New York, NY (Jeffrey Dellheim of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Keith Dolan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mangano, Jr., J.), rendered August 14, 2013, convicting him of murder in the first degree, conspiracy in the second degree, criminal possession of a weapon in the second degree, intimidating a witness in the first degree, and tampering with a witness in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in declining to discharge a sworn juror who, prior to empanelment, stated that she was experiencing anxiety related to her employment, since the court's inquiry established that the juror's concerns would not adversely impact her ability to serve as a fair and impartial juror (see CPL 270.15[3]; People v DeFreitas, 116 AD3d 1078, 1080-1081; People v Morales, 36 AD3d 631, 632; People v Echevarria, 30 AD3d 537; cf. People v Wells, 63 AD3d 967, 968, affd 15 NY3d 927; People v Huntley, 237 AD2d 533, 534; People v Bolden, 197 AD2d 528, 529; People v Vasquez, 141 AD2d 880, 881). The defendant's related assertion that his trial counsel was not afforded an adequate opportunity to question the juror is without merit.
The defendant's contention, raised in his pro se supplemental brief, that the evidence was legally insufficient to support the convictions because the testimony of his accomplice was not sufficiently corroborated is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit (see People v Caban, 5 NY3d 143, 149; People v Steinberg, 79 NY2d 673, 683; People v Montefusco, 44 AD3d 879, 880). Further, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349; People v Bleakley, 69 NY2d 490, 495).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348-349), we [*2]nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d at 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention, raised in his pro se supplemental brief, that the Supreme Court failed to comply with the procedure for addressing jury notes set forth by the Court of Appeals in People v O'Rama (78 NY2d 270, 277-278) is unpreserved for appellate review (see People v Ramirez, 15 NY3d 824, 825-826; People v Fabers, 133 AD3d 616, 617). Contrary to the defendant's contention, the alleged failure to comply with the O'Rama procedure did not constitute a mode of proceedings error which would obviate the preservation requirement because it is evident from the record that the court fulfilled its core responsibilities under CPL 310.30 by providing defense counsel with meaningful notice of the content of the jury note (see People v Nealon, 26 NY3d 152; People v Gibson, 147 AD3d 779, 780; People v Deokoro, 137 AD3d 1297, 1298; People v Fabers, 133 AD3d at 618). In any event, the contention is without merit.
MASTRO, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court