People v Bailey (2023 NY Slip Op 00822)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Bailey

2023 NY Slip Op 00822

Decided on February 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 14, 2023
Before: Manzanet-Daniels, J.P., Kapnick, Kern, Singh, Scarpulla, JJ. 


Ind. No. 4485/16 Appeal No. 17305 Case No. 2019/04567 

[*1]The People of the State of New York, Respondent,
vKoron Bailey, Defendant-Appellant.

Caprice R. Jenerson, Office of Appellate Defender, New York (C. Taylor Poor of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Meghan McLoughlin of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered May 31, 2019, convicting defendant, after a jury trial, of murder in the second degree and two counts of criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to a term of 25 years to life consecutive to two concurrent terms of 15 years, unanimously modified, on the law, to the extent of running all the sentences concurrently, and otherwise affirmed.
The court providently exercised its discretion in denying defendant's request for substitution of appointed counsel (see People v Medina, 44 NY2d 199, 207-208 [1978]). The request was made on the second day of jury selection and the trial court's conclusion that it was a delaying tactic is supported by the record, viewed as a whole. The court was "in the best position to determine the genuineness of the defendant's objection to his counsel" (People v Smith, 192 AD2d 310, 312 [1st Dept 1993], affd 82 NY2d 731 [1993]). Furthermore, the request was not denied on the basis of delay alone, but upon consideration of the merits of the request after an inquiry that was sufficient under the circumstances. "Although the court initially rejected defendant's application without inquiry, it thereafter allowed defendant to voice his concerns about defense counsel" (People v Nelson, 7 NY3d 883, 884 [2006]), and ultimately rejected those concerns, based in part on its own observations of defendant and counsel's interactions.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record, including counsel's strategic decisions (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case, especially in view of the overwhelming evidence of defendant's guilt.
The trial court properly declined to submit first-degree manslaughter either as a lesser included offense of murder or under the extreme emotional disturbance defense. Viewing the evidence in a light most favorable to defendant, we find that neither submission was supported by a reasonable view of the evidence, including defendant's own testimony. There was no reasonable view of the evidence that defendant only intended to seriously injure the victim, but not to kill him. Among other [*2]things, it was undisputed (and captured on videotape) that defendant stood over the fallen victim and shot him directly in the face. Defendant's claimed fear of the victim arising from a prior incident did not support an extreme emotional disturbance defense because there is no evidence that defendant was actually suffering from such a disturbance at the time of the shooting (see generally People v Harris, 95 NY2d 316, 319 [2000]). The evidence shows that defendant made a "conscious decision" and "sought out" the victim specifically to confront him; "[t]hese are not the actions of someone who finds himself without time to think or deliberate" and is experiencing loss of control (People v Pavone, 26 NY3d 629, 644-45 [2015]). "Furthermore, defendant's postcrime conduct did not suggest extreme emotional distress, but instead suggested that he was in full command of his faculties and had consciousness of guilt" (see People v Acevedo, 56 AD3d 341, 341-342 [1st Dept 2008], lv denied 12 NY3d 813 [2009]).
As the People concede, the sentence for the conviction of possession of a weapon with intent to use unlawfully should run concurrently with the sentence for murder (see Penal Law § 70.25[2]; People v Wright, 19 NY3d 359, 365 [2012]). However, the People have not met their burden of establishing that consecutive sentences are permissible for murder and simple possession (see People v Laureano, 87 NY2d 640, 643 [1996]). Without any evidence of possession of the firearm other than at the moment of the shooting, it is not clear whether the possession and use were separate acts (see People v Legrand, 140 AD3d 439, 440 [1st Dept 2016]; see also People v Brown, 21 NY3d 739, 751 [2013]). Accordingly, all three sentences should be served concurrently.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 14, 2023